Virgil **CORNELIOUS,** Appellant–
Petitioner,

v.

**STATE of Indiana,** Appellee–
Respondent.

No. 49A02–0507–PC–643.

Court of Appeals of Indiana.

April 28, 2006.

Transfer Denied July 20, 2006.

Susan K. Carpenter, Public Defender of Indiana, Jeffrey R. Wright, Deputy Public Defender, Indianapolis, for Appellant.

Steve Carter, Attorney General of Indiana, Ellen H. Meilaender, Deputy Attorney General, Indianapolis, for Appellee.

## OPINION

BARNES, Judge.

### Case Summary

Virgil Cornelious appeals the denial of his petition for post-conviction relief. We reverse and remand.

## Issue

Cornelious raises two issues. We address the dispositive issue of whether his guilty plea was voluntary.[1]

## Facts

On January 15, 1999, the State charged Cornelious with three counts of Class A felony child molesting and later charged him with being an habitual offender. On March 24, 1999, Cornelious and the State filed a joint motion for continuance, which the trial court granted. On June 11, 1999, the State moved for and the trial court granted a continuance. On July 12, 1999, the State moved for another continuance, which the trial court granted over Cornelious's objection. That same day, Cornelious moved for an early trial pursuant to Indiana Criminal Rule 4(B), and trial was scheduled for the 70th day, September 20, 1999.

Throughout these proceedings, the State was attempting to complete a DNA analysis. On Friday, September 17, 1999, the State received the DNA results and attempted to relay the results to Cornelious's defense counsel, Merle Rose, that day. Unable to do so, the State gave Cornelious the DNA results immediately before the trial was scheduled to begin on Monday September 20, 1999. As a result of the short notice, Cornelious moved to exclude the DNA results, which motion the trial court denied. Cornelious then moved for a continuance to prepare a defense. The trial court granted Cornelious's motion, and his trial was rescheduled.

On September 29, 1999, Rose filed a notice of resignation, and on October 1, 1999, Scott Montgomery was appointed to represent Cornelious. On October 8, 1999, Cornelious moved for another continuance, which was granted. On November 17, 1999, Cornelious filed a motion to dismiss. The trial court denied that motion and Cornelious's subsequent petition to certify the issue for interlocutory appeal.

On April 26, 2000, Cornelious pled guilty to one count of Class B felony child molesting and to being an habitual offender. At the combined guilty plea and sentencing hearing while the trial court was informing Cornelious of the rights he was waiving by pleading guilty, the following exchange took place between Montgomery and the trial court:

> Mr. Montgomery: Judge – – and please forgive me because I don't know the appropriate time to bring this up but there was a – – we believe to be a violation of his Criminal 4 rights and I'm correct in saying that's a fundamental right which he will not waive and will have the right to appeal, correct?
>
> The Court: Well I guess if you've raised it anyplace.
>
> Mr. Montgomery: It's been raised by Merle Rose and it was raised by me in the written motion.
>
> The Court: Okay.
>
> Mr. Montgomery: So I don't know the correct time to bring that up, Judge but – –
>
> The Court: Well you would have a right to – – not have a right to appeal the conviction but you would have a right to raise this Criminal 4 either through appeal or post-conviction relief – – you understand that?

Exhibit A pp. 8–9. Cornelious responded, "Yes." *Id.* at 9. The trial court sentenced Cornelious to seventeen years on the Class B felony and to ten years on the habitual offender enhancement. The remaining charges against Cornelious were dismissed.

---

1. Because of our resolution of the voluntariness issue, we need not determine whether Cornelious received ineffective assistance of counsel.

Cornelious did not pursue a direct appeal. On August 29, 2003, he filed an amended petition for post-conviction relief, alleging in part that his guilty plea was not knowingly, intelligently, and voluntarily made and that he received ineffective assistance of counsel. After a hearing, the post-conviction court concluded that Cornelious did not receive ineffective assistance of counsel because his early trial claim failed on the merits.[2] Cornelious now appeals.

### Analysis [3]

 Cornelious argues that the post-conviction court improperly denied his petition for relief. "When appealing from the denial of post-conviction relief, the petitioner stands in the position of one appealing from a negative judgment." *Fisher v. State*, 810 N.E.2d 674, 679 (Ind.2004). On appeal, we will not reverse unless the evidence as a whole unerringly and unmistakably leads to a conclusion opposite that reached by the post-conviction court. *Id.* Further, a post-conviction court's decision will be reversed only upon a showing of clear error—that which leaves us with a definite and firm conviction that a mistake has been made. *Id.* "In this review, findings of fact are accepted unless clearly erroneous, but no deference is accorded conclusions of law." *Id.*

 Cornelious argues that his guilty plea was not knowingly, intelligently, and voluntarily made because he was misinformed of his ability to plead guilty by both his attorney and the trial court and subsequently assert the violation of his right to an early trial pursuant to Criminal

Rule 4(B) on appeal or in post-conviction proceedings. When a defendant pleads guilty he or she cannot question pre-trial orders after a guilty plea is entered. *Branham v. State*, 813 N.E.2d 809, 811 (Ind.Ct.App.2004) (declining on direct appeal to address the issue of whether a promise of appeal of an alleged Criminal Rule 4 violation induced the plea where defendant neither moved to withdraw his plea nor raised the issue of voluntariness on appeal). Further, the right to have a trial expeditiously cannot exist or be enforced apart from the right to trial, and any claim of a denial thereof is waived upon a plea of guilty. *Id.* (citing *Wright v. State*, 496 N.E.2d 60, 61 (Ind.1986)). Thus, Cornelious was incorrectly informed at the guilty plea hearing that he could plead guilty and pursue the alleged violation of his Criminal Rule 4(B) rights on appeal or through a post-conviction relief proceeding.

 We must also determine whether this misinformation rendered Cornelious's plea involuntary. A guilty plea entered after the trial court has reviewed the various rights that a defendant is waiving and has made the inquiries called for by statute is unlikely to be found wanting in a collateral attack. *State v. Moore*, 678 N.E.2d 1258, 1265 (Ind.1997) (quoting *White v. State*, 497 N.E.2d 893, 905 (Ind. 1986)). "However, defendants who can show that they were coerced or misled into pleading guilty by the judge, prosecutor or defense counsel will present colorable claims for relief." *Id.* at 1266. In assessing the voluntariness of a plea, we review

**2.** The post-conviction court did not address the voluntariness of Cornelious's guilty plea other than to observe, "Defendant withdrew his speedy trial claim for consideration at the Evidentiary Hearing but asserted his plea was not voluntarily entered into because he was misinformed he could preserve his CR 4 issue and still enter a guilty plea." App. p. 247.

**3.** In his Statement of Issues, Cornelious refers to the violation of both the United States and the Indiana Constitutions. In the argument section of his brief, however, he does not distinguish between the two, and we decline to make the distinction for him.

all of the evidence before the post-conviction court, including testimony given at the post-conviction hearing, the transcript of the petitioner's original sentencing, and any plea agreements or other exhibits that are a part of the record. *Id.*

The *Moore* court observed that despite past references to pleas as involuntary because they were not based on informed or effective assistance of counsel, voluntariness is distinct from ineffective assistance of counsel. *Id.* The court stated that voluntariness is not part of the ineffective assistance of counsel analysis under the Sixth Amendment. *Id.* (citing *Hill v.*

*Lockhart,* 474 U.S. 52, 55–57, 106 S.Ct. 366, 368–69 (1985)). Voluntariness in Indiana practice "focuses on whether the defendant knowingly and freely entered the plea, in contrast to ineffective assistance, which turns on the performance of counsel and resulting prejudice." [4] *Id.*

In *Lineberry v. State,* 747 N.E.2d 1151, 1158 (Ind.Ct.App.2001), defense counsel, the prosecutor, and the trial court led the defendant to believe that he could appeal the denial of his motion to suppress even after he pled guilty. Through post-conviction relief proceedings, Lineberry attempted to withdraw [5] his guilty plea, which he

---

4. Our supreme court has more recently observed:

> Whether viewed as ineffective assistance of counsel or an involuntary plea, the postconviction court must resolve the factual issue of the materiality of the bad advice in the decision to plead, and postconviction relief may be granted if the plea can be shown to have been influenced by counsel's error. However, if the postconviction court finds that the petitioner would have pleaded guilty even if competently advised as to the penal consequences, the error in advice is immaterial to the decision to plead and there is no prejudice.

*Segura v. State,* 749 N.E.2d 496, 504–05 (Ind. 2001). In *Willoughby v. State,* 792 N.E.2d 560, 563 (Ind.Ct.App.2003), *trans. denied,* relying on *Segura,* we held, "it is immaterial whether Willoughby's claim is of an involuntary plea or ineffective assistance of counsel. Under either standard, Willoughby must demonstrate that the intimidation resulting from his trial counsel's failure to inform him of the single larceny rule was material to his decision to plead guilty." Cornelious's claim that his plea was involuntary is based on the exchange between Montgomery and the trial court at the guilty plea hearing. It is not based solely on Montgomery's specific advice that led Cornelious to plead guilty. For that reason, we find the parties' reliance on *Segura* and *Willoughby* is misplaced.

Further, *Segura* and *Willoughby* address claims "of intimidation by an exaggerated penalty or enticement by an understated maximum exposure ...." *Segura,* 749 N.E.2d at 504; *see Willoughby,* 792 N.E.2d at 563. The

issue here is Cornelious's right to appeal an alleged violation of his Criminal Rule 4(B) rights, not a claim that he was intimidated or enticed by the penal consequences associated with his guilty plea.

5. Indiana Code Section 35–35–1–4(c) provides in part:

> [U]pon motion of the convicted person, the court shall vacate the judgment and allow the withdrawal whenever the convicted person proves that withdrawal is necessary to correct a manifest injustice. A motion to vacate judgment and withdraw the plea made under this subsection shall be treated by the court as a petition for postconviction relief under the Indiana Rules of Procedure for Postconviction Remedies. For purposes of this section, withdrawal of the plea is necessary to correct a manifest injustice whenever:
> (1) the convicted person was denied the effective assistance of counsel;
> (2) the plea was not entered or ratified by the convicted person;
> (3) the plea was not knowingly and voluntarily made;
> (4) the prosecuting attorney failed to abide by the terms of a plea agreement; or
> (5) the plea and judgment of conviction are void or voidable for any other reason.
> The motion to vacate the judgment and withdraw the plea need not allege, and it need not be proved, that the convicted person is innocent of the crime charged or that he has a valid defense.

alleged was involuntarily made. *Id.* at 1155. The post-conviction court denied his petition, and Lineberry appealed. *Id.*

On appeal, the State argued in part that, notwithstanding the unfulfillable promise, Lineberry's guilty plea was voluntary because he received other significant benefits in the plea agreement, including the dismissal of other charges against him. *Id.* at 1157. We rejected this argument because the State provided no support for its argument. *Id.* at 1158. In fact, the State cited authority suggesting that the unfulfilled promise only had to be part of the inducement to plead guilty. *Id.* (citing *Wright v. State,* 700 N.E.2d 1153, 1155 (Ind.Ct.App.1998) ("Failure of a prosecutor to adhere to any promise he made which induces the guilty plea would constitute a breach of the plea agreement and would render the plea involuntary and violate the defendant's rights.")). We also acknowledged that the record left little doubt that the promise of appeal was the primary inducement leading Lineberry to plead guilty. *Id.* We concluded, "Lineberry's plea was induced by the unfulfillable promise that he could appeal the denial of his motion to suppress, and therefore the plea was involuntary." *Id.* Without addressing the merits of Lineberry's motion to suppress, we reversed the decision of the post-conviction court and remanded with instructions to grant Lineberrry's request to withdraw his plea. *Id.*

Here, the State argues that the unfulfillable promise of an appeal of the Criminal Rule 4(B) issue was not material to Cornelious's decision to plead guilty because the State had a strong case against him and had agreed to dismiss the three Class A felony charges pending against him and because his Criminal Rule 4(B) issue was without merit. Specifically, the State contends, "It is simply unbelievable that Petitioner would have refused this plea agreement that capped his sentence at thirty years and risked a 180–year sentence for the ability to appeal a meritless issue." [6] Appellee's Br. p. 13. Even assuming the State is correct and Cornelious's claim is without merit, we nevertheless conclude that the opportunity to appeal was material to *Cornelious's* decision to plead guilty.

Although Cornelious's testimony at the post-conviction hearing that he would not have pled guilty had he known he was waiving his right to appeal the Criminal Rule 4(B) issue may have been, as the State argues, "self-serving," this testimony was corroborated. Appellee's Br. p. 9. At the post-conviction hearing, defense counsel Montgomery testified:

I do recall that that was Mr. Cornelious' biggest concern in pleading guilty was that he did not waive the rights that he felt like were violated based upon the judge's failure to exclude the evidence and failure to provide him the right to

Although Cornelious does not rely on this statute, we find the rationale in *Lineberry* concerning an unfulfillable promise rendering a guilty plea involuntary persuasive.

6. At the post-conviction relief hearing, Cornelious testified, "Basically what I was – – what I was coming here today, I was hoping that [sic] would happen is my plea bargain would be set aside so I had the opportunity to fulfill my speedy trial violation." Tr. pp. 28–29. The trial court then asked Cornelious, "You understand that if the Court sets aside your plea, the outcome would be a new trial?" Tr.

p. 29. Cornelious responded, "Yes, sir, I do." *Id.* Cornelious's attempt to set aside his guilty plea does carry with it a substantial risk. If his challenge under Criminal Rule 4(B) is unsuccessful, he could again face penalties significantly more severe than those to which he pled guilty, bringing to mind the idiom, "better the devil you know, than the devil you don't." Regardless, the decision to exercise or waive his Sixth Amendment right to a jury trial is one that Cornelious must make voluntarily.

an interlocutory appeal. I remember we discussed that.

Tr. p. 8.

■ In fact, the post-conviction court found in part that Montgomery recalled:

3 .... that Defendant's main concern when he pled guilty was the preservation of his ability to appeal his contention that his CR 4 right to a speedy trial had been violated. Montgomery further testified that, although Defendant was reluctant, he entered into the plea believing it to be in his best interest, as he was facing as much as fifty to eighty (50–80) years imprisonment.

App. p. 246. Because the post-conviction court is the sole judge of the weight of the evidence and the credibility of witnesses, we must accept its findings unless clearly erroneous. *Fisher*, 810 N.E.2d at 679. The State makes no argument that this finding is clearly erroneous.

Further, at the conclusion of the combined guilty plea and sentencing hearing, Montgomery stated, "Judge, we would like to make an oral motion at this time for the appointment of pauper public defender counsel for purposes of examining this Criminal Rule 4 issue." Exhibit A p. 17. This evidence, taken with the fact that Cornelious pursued the Criminal Rule 4(B) issue by unsuccessfully moving for a dismissal and seeking to have the issue certified for interlocutory appeal, establishes that the opportunity to appeal the alleged Criminal Rule 4(B) violation was material to Cornelious's decision to plead guilty.

The promise of preserving the issue induced, at least in part, Cornelious to plead guilty. Because the unfulfillable promise that Cornelious could appeal the Criminal Rule 4(B) motion was material to his decision to plead guilty, we conclude that his guilty plea was involuntary. Thus, the post-conviction court improperly denied his petition for post-conviction relief. Accord-

ingly, we remand for the post-conviction court to set aside Cornelious's guilty plea.

### Conclusion

The assurances that Cornelious could plead guilty and preserve the alleged Criminal Rule 4(B) violation for appeal or post-conviction proceedings were material to his decision to plead guilty. The post-conviction court improperly denied his petition for post-conviction relief. We reverse and remand.

Reversed and remanded.

FRIEDLANDER, J., and MATHIAS, J., concur.