**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



**FILED**

May 23 2012, 8:44 am

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**G. ALLEN LIDY**
Roscoe Stovall, Jr., & Associates
Mooresville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**IAN MCLEAN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DIONNE HARRIS, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 34A04-1111-PC-593 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE HOWARD SUPERIOR COURT
The Honorable George A. Hopkins, Special Judge
Cause No. 34D01-0703-PC-176

**May 23, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BARNES, Judge**

**Case Summary**

Dionne Harris appeals the post-conviction court's denial of his petition for post-conviction relief. We affirm.

**Issues**

Harris raises three issues, which we restate as:

> I.    whether the post-conviction court special judge should have held a new evidentiary hearing before issuing his findings of fact and conclusions thereon;
>
> II.   whether Harris's guilty plea was voluntary; and
>
> III.  whether Harris received ineffective assistance of trial counsel.

**Facts**

In March 2005, the State charged Harris with Class A felony dealing in cocaine, Class C felony possession of cocaine, and Class C misdemeanor operating a motor vehicle without having received a license, and alleged that Harris was an habitual offender. In a separate cause, Harris was also charged with two counts of Class D felony theft. Harris filed a motion to suppress, and on January 5, 2007, the trial court denied Harris's motion. After the motion was denied, Harris and his attorney agreed that they should appeal the denial. However, they did not discuss filing an interlocutory appeal.

During the next week, the State offered Harris a plea agreement. Under the plea agreement, if Harris pled guilty to Class A felony dealing in cocaine, the State agreed to dismiss the remaining charges, including the theft charges and the habitual offender

allegation. Harris's attorney discussed the proposed plea agreement with him. His attorney recalled advising Harris that, by entering into the plea agreement, he was waiving his right to appeal his conviction. However, they did not specifically discuss the appeal of the denial of the motion to suppress at that time.

Harris decided to accept the plea agreement, and a guilty plea hearing was held on February 7, 2007. At the guilty plea hearing, the trial court advised Harris of his rights, including the following advisement: "If you were to have a trial and you were to be found guilty you would have the right to appeal your conviction to the Indiana Supreme Court or the Court of Appeals, but by pleading guilty you're giving up that right." Petitioner's Exhibit 2 p. 3. Harris indicated that he understood his rights and did not have any questions. The trial court accepted Harris's guilty plea and sentenced him to thirty years with ten years suspended to probation for the Class A felony dealing in cocaine conviction. A few days after sentencing, Harris asked his attorney about the appeal of the denial of the motion to suppress, and his attorney said an appeal of the denial was not possible after the guilty plea.

In 2007, Harris filed a petition for post-conviction relief, which was subsequently amended several times. Ultimately, Harris argued that: (1) his credit time was calculated incorrectly; (2) his guilty plea was involuntary; and (3) he received ineffective assistance of counsel. The post-conviction court held an evidentiary hearing on September 17, 2010. In July 2011, Harris filed a motion for appointment of a special judge, and the Indiana Supreme Court appointed Judge George Hopkins as the special judge. After Judge Hopkins was appointed, Harris filed a pro se appearance, and his attorney filed a

3

motion to withdraw, which Judge Hopkins granted. Harris also filed a request for a copy of the chronological case summary and a copy of the post-conviction transcripts. On October 4, 2011, Judge Hopkins entered findings of fact and conclusions thereon denying Harris's petition for post-conviction relief regarding his ineffective assistance of counsel and involuntary guilty plea claims and granting Harris's petition for post-conviction relief regarding his credit time claim. Harris now appeals.

**Analysis**

Harris appeals the post-conviction court's denial of his petition for post-conviction relief. A court that hears a post-conviction claim must make findings of fact and conclusions of law on all issues presented in the petition. Pruitt v. State, 903 N.E.2d 899, 905 (Ind. 2009) (citing Ind. Post-Conviction Rule 1(6)). "The findings must be supported by facts and the conclusions must be supported by the law." Id. Our review on appeal is limited to these findings and conclusions. Id. Because the petitioner bears the burden of proof in the post-conviction court, an unsuccessful petitioner appeals from a negative judgment. Id. (citing P-C.R. 1(5)). "A petitioner appealing from a negative judgment must show that the evidence as a whole 'leads unerringly and unmistakably to a conclusion opposite to that reached by the trial court.'" Id. (quoting Allen v. State, 749 N.E.2d 1158, 1164 (Ind. 2001), cert. denied). Under this standard of review, "[we] will disturb a post-conviction court's decision as being contrary to law only where the evidence is without conflict and leads to but one conclusion, and the post-conviction court has reached the opposite conclusion." Id.

*I. New Evidentiary Hearing*

4

After Judge Menges held an evidentiary hearing on Harris's petition for post-conviction relief, a special judge was appointed pursuant to Indiana Trial Rule 53.2.[1] Harris argues that the special judge should have conducted a new evidentiary hearing to determine the weight and credibility of the testimony.[2]

Even assuming Harris could request such a hearing, he concedes that "this due process right may be waived and/or the parties can stipulate to the validity of the ability of the successor judge to rule on the evidence presented." Appellant's Br. p. 8. Further, Harris concedes that "the record is silent as to whether there was an objection to the

---

[1] Indiana Trial Rule 53.2 provides:

    (A)    Time limitation for holding matter under advisement. Whenever a cause (including for this purpose a petition for post conviction relief) has been tried to the court and taken under advisement by the judge, and the judge fails to determine any issue of law or fact within ninety (90) days, the submission of all the pending issues and the cause may be withdrawn from the trial judge and transferred to the Supreme Court for the appointment of a special judge.

    (B)    Exceptions. The time limitation for holding an issue under advisement established under Section (A) of this rule shall not apply where:

        (1)    The parties who have appeared or their counsel stipulate or agree on record that the time limitation for decision set forth in this rule shall not apply; or

        (2)    The time limitation for decision has been extended by the Supreme Court pursuant to Trial Rule 53.1(D).

* * * * *

[2] Harris argues that Indiana Trial Rule 63(A), which pertains to the disability or unavailability of a judge after the trial or hearing, should apply. Rule 63(A) provides, in part, that if the special judge "is satisfied that he cannot perform those [post-trial or post-hearing] duties because he did not preside at the trial or for any other reason, he may in his discretion grant a new trial or new hearing, in whole or in part." We need not address the application of Rule 63(A) because Harris waived this argument.

5

Special Judge's ability to rule on the 'cold record' and there is no evidence that the parties stipulated that the Special Judge could so rule." Id. Our review of the record reveals that, although Harris filed other motions after the special judge was appointed, he did not request that the special judge hold a new evidentiary hearing. The right to have a special judge rehear evidence to make an evaluation of the credibility of witnesses and weight of the evidence may be waived. Farner v. Farner, 480 N.E.2d 251, 257 (Ind. Ct. App. 1985). Harris waived this argument.

## *II. Involuntary Guilty Plea*

Harris argues that the post-conviction court erred by finding that his guilty plea was voluntary. This claim relates to Harris's alleged belief that he could appeal the denial of his motion to suppress despite his guilty plea. However, "[a] trial court lacks the authority to allow defendants the right to appeal the denial of a motion to suppress evidence when a defendant enters a guilty plea, even where a plea agreement maintains that such an appeal is permitted." Alvey v. State, 911 N.E.2d 1248, 1250 (Ind. 2009).

Voluntariness in Indiana practice "focuses on whether the defendant knowingly and freely entered the plea, in contrast to ineffective assistance, which turns on the performance of counsel and resulting prejudice." Cornelious v. State, 846 N.E.2d 354, 358 (Ind. Ct. App. 2006), trans. denied. A guilty plea entered after the trial court has reviewed the various rights that a defendant is waiving and has made the inquiries called for by statute is unlikely to be found wanting in a collateral attack. Id. at 357 (citing State v. Moore, 678 N.E.2d 1258, 1265 (Ind. 1997), cert. denied). "However, defendants who can show that they were coerced or misled into pleading guilty by the judge, prosecutor

6

or defense counsel will present colorable claims for relief." Id. (quoting Moore, 678 N.E.2d at 1266). In assessing the voluntariness of a plea, we review all of the evidence before the post-conviction court, including testimony given at the post-conviction hearing, the transcript of the petitioner's original sentencing, and any plea agreements or other exhibits that are a part of the record. Id. at 357-58.

At the post-conviction hearing, Harris argued that his guilty plea was "not given voluntarily because he believed he had a right to appeal the denial of the Motion to suppress after he was sentenced." Appellant's App. p. 19. The post-conviction court noted in its findings that Harris had previously been convicted of several felonies, that his statement that he believed he could appeal the motion to suppress despite the guilty plea was "self serving and not corroborated," that Harris understood the terms of the plea agreement, that Harris was satisfied with the terms of the plea at the time of sentencing, and that Harris did not express any dissatisfaction until after sentencing. Id. The post-conviction court concluded that Harris failed to show by a preponderance of the evidence that his plea was not voluntary.

On appeal, Harris relies on Cornelious and Lineberry v. State, 747 N.E.2d 1151 (Ind. Ct. App. 2001), for the proposition that his guilty plea was involuntary. However, both Cornelious and Lineberry are distinguishable. In both of those cases, the defendants pled guilty and were specifically advised that they could appeal the denial of a pre-trial motion. Cornelius, 846 N.E.2d at 356-57; Lineberry, 747 N.E.2d at 1154. Here, although Harris and his counsel briefly talked about appealing the denial of his motion to suppress, Harris's counsel never informed him that an appeal was in process. In fact, his

7

counsel had no intention of filing an interlocutory appeal. Tr. pp. 42-43. More importantly, Harris was never advised that he could appeal the denial of his motion to suppress despite his guilty plea. To the contrary, at the guilty plea hearing, the trial court advised Harris of his rights, including the following advisement: "If you were to have a trial and you were to be found guilty you would have the right to appeal your conviction to the Indiana Supreme Court or the Court of Appeals, but by pleading guilty you're giving up that right." Petitioner's Exhibit 2 p. 3. Harris indicated that he understood his rights and did not have any questions. Harris did not raise the issue of appealing the denial of the motion to suppress until he had already pled guilty and been sentenced. Further, Harris received a substantial benefit from the plea agreement—including the dismissal of several other charges and an habitual offender allegation. Even if Harris was mistaken in his belief that he could still appeal the denial of his motion to suppress, that is not the same as showing that he was coerced or misled into pleading guilty. Harris has failed to meet his burden of demonstrating that his guilty plea was involuntary, and the post-conviction court's findings and conclusion on this issue are not clearly erroneous.

### III. Ineffective Assistance of Counsel

In a related claim, Harris appeals the post-conviction court's denial of his claim of ineffective assistance of counsel. Harris contends that his trial counsel was ineffective for failing to advise him that he could not appeal the denial of the motion to suppress if he pled guilty. To prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate both that his or her counsel's performance was deficient and that the petitioner was prejudiced by the deficient performance. Ben-Yisrayl v. State, 729 N.E.2d

8

102, 106 (Ind. 2000) (citing Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984)), cert. denied. We need not determine whether Harris's counsel was deficient because we conclude that Harris failed to demonstrate prejudice.

In analyzing prejudice in the context of a guilty plea, we review such ineffective assistance of counsel claims under Segura v. State, 749 N.E.2d 496 (Ind. 2001). Segura created two categories of claims and enunciated different treatments of each respective category, depending upon whether the ineffective assistance allegation related to (1) an unutilized defense or failure to mitigate a penalty, or (2) an improper advisement of penal consequences. Willoughby v. State, 792 N.E.2d 560, 563 (Ind. Ct. App. 2003) (citing Segura, 749 N.E.2d at 507), trans. denied. Segura further divided the "penal consequences" category into two subcategories. Id. The first subcategory concerns claims of promised leniency. Segura, 749 N.E.2d at 504-05. The second subcategory concerns claims of incorrect advice as to the law regarding the range of penal consequences. Segura, 749 N.E.2d at 504.

Harris claims that his argument relates to the second category of Segura claims—"defense trial counsel's failure to advise the Appellant that one of the penal consequences of his guilty plea would be that he could not further appeal his Motion to Suppress." Appellant's Br. p. 15. However, we view Harris's claim as falling in the first category of Segura claims, i.e., Harris's counsel's alleged error or omission had the effect of overlooking or impairing a defense. See Helton v. State, 907 N.E.2d 1020, 1023-24 (Ind. 2009) (holding that trial counsel was not ineffective for failing to file a motion to suppress where the defendant pled guilty and the defendant was required to show "a

9

reasonable probability that he would have succeeded at trial if a motion to suppress had been made and sustained"). When a post-conviction allegation of ineffective assistance relates to trial counsel's failure to raise a defense, Segura requires that the prejudice from an impaired or omitted defense be measured by evaluating the probability of success of the impaired or omitted defense at trial. Willoughby, 792 N.E.2d at 563. Harris makes no argument regarding the probability of success if he had appealed the denial of the motion to suppress, and he failed to meet his burden of demonstrating prejudice. The post-conviction court's conclusion on this claim is not clearly erroneous.

## Conclusion

Harris waived his claim that the special judge should have held a second evidentiary hearing, and the post-conviction court's denial of Harris's petition for post-conviction relief is not clearly erroneous. We affirm.

Affirmed.

FRIEDLANDER, J., and MAY, J., concur.