Pursuant to Ind.Appellate Rule 65(D),
this Memorandum Decision shall not be
regarded as precedent or cited before
any court except for the purpose of
establishing the defense of res judicata,
collateral estoppel, or the law of the case.



FILED

Jan 30 2013, 8:49 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**JOHN D. ROGERS**
Pendleton, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JOHN D. ROGERS, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 88A01-1208-PC-373 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE WASHINGTON SUPERIOR COURT
The Honorable Frank E. Newkirk, Jr., Judge
Cause No.  88D01-0910-PC-563

**January 30, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**VAIDIK, Judge**

**Case Summary**

John D. Rogers, pro se, appeals the denial of his petition for post-conviction relief. He argues that his trial counsel was ineffective for failing to pursue his discharge pursuant to Indiana Criminal Rule 4(C) and that his guilty plea was unknowing and involuntary because he would not have pled guilty had he known that he was entitled to discharge pursuant to Criminal Rule 4(C). Finding that the post-conviction court properly denied relief, we affirm.

**Facts and Procedural History**

On July 12, 2007, the State charged Rogers with two counts of Class B felony burglary, two counts of Class D felony receiving stolen property, two counts of Class D felony theft, and one count of resisting law enforcement in Washington Superior Court. The State also alleged that Rogers was a habitual offender. Rogers was incarcerated in Clark County at the time, which complicated transportation and other issues related to this case. Although Rogers was represented by attorney Mark Clark, on July 15, 2009, Rogers filed a pro se Indiana Criminal Rule 4(C) motion for discharge in this case. Criminal Rule 4(C) provides:

> No person shall be held on recognizance or otherwise to answer a criminal charge for a period in aggregate embracing more than one year from the date the criminal charge against such defendant is filed, or from the date of his arrest on such charge, whichever is later; except where a continuance was had on his motion, or the delay was caused by his act, or where there was not sufficient time to try him during such period because of congestion of the court calendar; provided, however, that in the last-mentioned circumstance, the prosecuting attorney shall file a timely motion for continuance as under subdivision (A) of this rule. Provided further, that a trial court may take note of congestion or an emergency without the necessity of a motion, and upon so finding may order a continuance. Any continuance granted due to a congested calendar or emergency shall be

reduced to an order, which order shall also set the case for trial within a reasonable time. Any defendant so held shall, on motion, be discharged.

When Attorney Clark reviewed Rogers' case, looked at his CCS, and applied Criminal Rule 4(C), he concluded that because of the number of times he continued Rogers' case, Rogers was not entitled to discharge pursuant to Criminal Rule 4(C). Tr. p. 106. Accordingly, Attorney Clark could not "in good faith" file a motion for discharge. *Id.*

Approximately two weeks later, on July 27, 2009, Rogers, represented by Attorney Clark, pled guilty to two counts of Class B felony burglary in this case; the remaining charges and the habitual-offender count were dismissed. According to the plea agreement, Rogers received a twenty-year sentence, including the right to petition for modification of his sentence after five years. *Id.* at 118; Ex. 7. In addition, Rogers' sentence and any sentence Rogers received in Clark and Floyd counties with regard to the events of July 9, 2007, were to run concurrently. Ex. 7.

Rogers filed a pro se petition for post-conviction relief in October 2009, which he amended in May 2011, alleging that Attorney Clark was ineffective for failing to pursue his discharge pursuant to Criminal Rule 4(C) and that his guilty plea was unknowing and involuntary because he would not have pled guilty had he known that he was entitled to discharge pursuant to Criminal Rule 4(C).[1] At his post-conviction relief hearing, Rogers presented the testimony of Attorney Clark, case law on Criminal Rule 4(C), the CCS from his criminal case, his plea agreement, and the transcript from his guilty-plea

---

[1] Rogers did not include copies of either petition in the record on appeal. In fact, Rogers did not submit an appendix. *See* Ind. Appellate Rule 50(B) (noting that the appendix must contain copies of the "Clerk's Record," which is defined in Appellate Rule 2(E) as "the Record maintained by the clerk of the trial court . . . and shall consist of the Chronological Case Summary (CCS) and all papers, pleadings, documents, orders, judgments, and other materials filed in the trial court . . . listed in the CCS.").

hearing. Attorney Clark testified that he had reviewed Rogers' CCS and determined that he had asked for too many continuances to file a motion for Rogers' discharge. Tr. p. 106. Attorney Clark also explained that Rogers had wanted to resolve his Clark County charges first; as a result, "part of the case strategy by both [Attorney Clark and Rogers was] to delay resolution in Washington County until a resolution was reached in Clark County[.]" *Id.* at 122; *see also id.* at 127. In addition, the transcript from Rogers' guilty-plea hearing showed that by pleading guilty, Rogers waived his "right to a public *speedy* jury trial." Ex. 6, p. 5.

The post-conviction court entered findings and conclusions denying Rogers relief. Rogers now appeals.

### Discussion and Decision

The State did not file an appellee's brief. The obligation of controverting arguments presented by the appellant properly remains with the State. *Matekyo v. State*, 901 N.E.2d 554, 557 (Ind. Ct. App. 2009), *trans. denied.* Where, as here, the appellee fails to submit a brief, the appellant may prevail by making a prima facie case of error, i.e., an error at first sight or appearance. *Id.* Still, we must correctly apply the law to the facts of the record to determine if reversal is required. *Id.*

Rogers contends that the post-conviction court erred in denying his petition for post-conviction relief. Post-conviction proceedings are civil proceedings that provide defendants the opportunity to raise issues not known or available at the time of the original trial or direct appeal. *Stephenson v. State*, 864 N.E.2d 1022, 1028 (Ind. 2007), *reh'g denied.* "In post-conviction proceedings, the defendant bears the burden of proof

4

by a preponderance of the evidence." *Id.* When appealing from the denial of post-conviction relief, the petitioner stands in the position of one appealing from a negative judgment. *Hampton v. State*, 961 N.E.2d 480, 492 (Ind. 2012). Thus, the defendant must convince us that the evidence as a whole leads unerringly and unmistakably to a decision opposite that reached by the post-conviction court. *Id.* We review the post-conviction court's factual findings for clear error but do not defer to its conclusions of law. *Id.*

## I. Ineffective Assistance of Counsel

Rogers first contends that Attorney Clark was ineffective for failing to pursue his discharge pursuant to Criminal Rule 4(C). Ineffective assistance of counsel claims are evaluated under the standard of *Strickland v. Washington*, 466 U.S. 668 (1984). To prevail on a claim of ineffective assistance of counsel, a petitioner must show both deficient performance and resulting prejudice. *Williams v. State*, 706 N.E.2d 149, 154 (Ind. 1999). A deficient performance is a performance which falls below an objective standard of reasonableness. *Id.* Prejudice exists when a claimant shows "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

Here, Rogers elected to plead guilty. A plea of guilty constitutes a waiver of the right to trial. *Gosnell v. State*, 439 N.E.2d 1153, 1155 (Ind. 1982). "The right to have a trial expeditiously cannot exist or be enforced apart from the right to trial, and any claim of a denial thereof is waived upon a plea of guilty." *Id.* Accordingly, where a defendant waives his right to have a trial, he thereby waives any right to a speedy trial. *Wright v. State*, 496 N.E.2d 60, 61 (Ind. 1986). A defendant cannot simultaneously plead guilty

5

and pursue an alleged violation of his Criminal Rule 4 rights on appeal or through a post-conviction relief proceeding. *Cornelious v. State*, 846 N.E.2d 354, 357 (Ind. Ct. App. 2006), *trans. denied*; *Branham v. State*, 813 N.E.2d 809, 811 (Ind. Ct. App. 2004); *see also Alvey v. State*, 911 N.E.2d 1248 (Ind. 2009) (holding that a defendant who pleads guilty to an offense is not entitled to challenge the denial of any pretrial motions). Accordingly, Rogers' decision to plead guilty foreclosed Attorney Clark's ability to continue to pursue Rogers' discharge pursuant to Criminal Rule 4—assuming Rogers was eligible, and the post-conviction court found that he was not. Rogers has not demonstrated deficient performance by counsel.

## II. Voluntariness of Plea

Rogers next contends that his guilty plea was unknowing and involuntary. Specifically, he argues that he "would not have pled guilty had he known he was eligible for the Criminal 4(C) defense." Appellant's Br. p. 9.

"A guilty plea entered after the trial court has reviewed the various rights that a defendant is waiving and has made the inquiries called for by statute is unlikely to be found wanting in a collateral attack." *Cornelious*, 846 N.E.2d at 357 (citing *State v. Moore*, 678 N.E.2d 1258, 1265 (Ind. 1997), *reh'g denied*). "'However, defendants who can show that they were coerced or misled into pleading guilty by the judge, prosecutor or defense counsel will present colorable claims for relief.'" *Id.* (quoting *Moore*, 678 N.E.2d at 1266). In assessing the voluntariness of a plea, we review all of the evidence before the post-conviction court, including testimony given at the post-conviction

hearing, the transcript of the petitioner's original sentencing, and any plea agreements or other exhibits that are a part of the record. *Id.* at 357-58.

Rogers' claim that he was unaware of his Criminal Rule 4(C) rights is disingenuous at best. On July 15, 2009, Rogers filed a pro se Criminal Rule 4(C) motion for discharge. Attorney Clark testified at the post-conviction hearing that he discussed Rogers' Criminal Rule 4(C) rights with him, but he could not in good faith file such a motion. Approximately two weeks later, on July 27, 2009, Rogers, represented by Attorney Clark, pled guilty to two counts of Class B felony burglary. At the guilty-plea hearing, Rogers was advised that he would be giving up his right to trial, and more specifically his right to a speedy trial, if he pled guilty. Rogers elected to plead guilty. Notably, there was no promise to Rogers that he could continue to challenge his Criminal Rule 4(C) rights if he pled guilty. The post-conviction court properly denied Rogers' petition for post-conviction relief on this ground.

Affirmed.

BAILEY, J., and BROWN, J., concur.