**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



**FILED**

May 29 2013, 9:35 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**LEONARD F. WILLIAMS**
Bunker Hill, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JODI KATHRYN STEIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| LEONARD F. WILLIAMS, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 43A04-1206-PC-322 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE KOSCIUSKO SUPERIOR COURT
The Honorable Joe V. Sutton, Judge
Cause No. 43D03-1003-PC-2

**May 29, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BARNES, Judge**

**Case Summary**

Leonard Williams appeals the post-conviction court's denial of his petition for post-conviction relief. We affirm in part, reverse in part, and remand.

**Issues**

Williams raises several issues, which we restate as:

I.     whether he was entitled to an evidentiary hearing on his petition for post-conviction relief;

II.    whether his guilty plea was involuntary;

III.   whether he received ineffective assistance of trial counsel; and

IV.  whether he received ineffective assistance of appellate counsel.

**Facts**

The facts, as stated in Williams's direct appeal, follow:

> On November 30, 2007, Williams was driving a Chevy Blazer in Kosciusko County while intoxicated. Williams had three passengers in his vehicle—Michael Nelson, Anthony Blankenship, and Anthony Hackworth. Williams was driving at a high rate of speed and had disregarded a stop sign. Despite pleas from the passengers in his car to slow down, Williams continued driving. As Williams disregarded a second stop sign, his vehicle collided with a vehicle driven by Jon Kamp. Kamp died as a result of the accident. A passenger in Kamp's vehicle and the three passengers in Williams's vehicle were seriously injured, with one passenger being airlifted to the hospital. Williams climbed from his vehicle and fled the scene on foot before police or medical personnel arrived. The Kosciusko Sheriff's Department eventually located Williams at his home three hours after the crash. Williams initially told officers that he was not the driver of the vehicle, but rather, was a victim.

2

Williams later admitted that he was the driver of the Chevy Blazer.

On December 3, 2007, the State charged Williams with Count I, OWI causing death, as a class B felony, Counts II, III, and IV, OWI causing serious bodily injury, as class C felonies, and Count V, failure to remain at scene of accident resulting in death, a class C felony. On January 22, 2008, the State amended the charging information to add Count VI, class C felony OWI causing serious bodily injury. Williams entered into a plea agreement with the State whereby he agreed to plead guilty to all counts. Under the terms of the plea agreement, sentencing was left to the trial court's discretion except that the sentences for the five class C felony offenses would run concurrent with one another.

On September 4, 2008, the trial court accepted Williams's guilty plea and conducted a sentencing hearing. The trial court found Williams's guilty plea to be a mitigating factor for all counts, but refused to find any mitigating remorse. The court also considered the following aggravating factors: (1) Williams was on probation at the time of the instant offense; (2) probation is not likely a tool for rehabilitation; and (3) Williams's criminal history. The trial court sentenced Williams to eighteen years for Count I and seven years for each of Counts II through VI. Pursuant to the terms of the plea agreement, the court ordered the sentences on Counts II through VI to run concurrently with each other. Based on its finding that Williams acted with reckless disregard for the safety of others, the trial court ordered that the sentences on the class C felonies run consecutively to the sentence imposed for Count I, for an aggregate sentence of twenty-five years.

Williams v. State, No. 43A03-0809-CR-458, slip op. at 2-3 (Ind. Ct. App. Apr. 9, 2009), trans. denied.

On direct appeal, Williams challenged the trial court's weighing of the aggravators and mitigators and the imposition of consecutive sentences. We affirmed the twenty-five-year sentence. Our supreme court then denied transfer.

3

Williams filed a petition for post-conviction relief, arguing that: (1) his guilty plea was not made knowingly, intelligently, and voluntarily; (2) he received ineffective assistance of trial counsel; and (3) he received ineffective assistance of appellate counsel. After the State Public Defender filed a notice of non-representation, Williams filed a pro se motion to set a hearing date. Without holding a hearing, the trial court denied Williams' petition for post-conviction relief as follows:

1. The Defendant requested pauper counsel and was referred to the State Public Defender's office.

2. The State, by Prosecuting Attorney, filed an Answer on November 29, 2011.

3. The State Public Defender reviewed the petition and found the petition for Post-Conviction Relief to be without merit and filed Notice of Non-Representation on January 3, 2012.

4. Leonard Williams asserts a claim of ineffective assistance of counsel for not raising the defense of intoxication on a criminal charge of Operating a Vehicle Causing Death and Serious Bodily Injury.

5. Intoxication is not a defense under Indiana Code 35-41-2-5 (subject to the provision of Indiana Code 35-41-3-5).

6. The petition of Leonard Williams is without merit.

Conclusions of Law

The Court concurs with the State Public Defender that the pro se Petition for Post-Conviction Relief filed by Leonard Williams on November 22, 2012 is without merit. The Court therefore DENIES the petition.

4

Appellant's App. p. 32.[1]  Williams now appeals.

## Analysis

Williams challenges the denial of his petition for post-conviction relief.  A court that hears a post-conviction claim must make findings of fact and conclusions of law on all issues presented in the petition.  Pruitt v. State, 903 N.E.2d 899, 905 (Ind. 2009) (citing Ind. Post-Conviction Rule 1(6)).  "The findings must be supported by facts and the conclusions must be supported by the law."  Id.  Our review on appeal is limited to these findings and conclusions.  Id.  Because the petitioner bears the burden of proof in the post-conviction court, an unsuccessful petitioner appeals from a negative judgment.  Id. (citing P-C.R. 1(5)).  "A petitioner appealing from a negative judgment must show that the evidence as a whole 'leads unerringly and unmistakably to a conclusion opposite to that reached by the trial court.'"  Id. (quoting Allen v. State, 749 N.E.2d 1158, 1164 (Ind. 2001), cert. denied).  Under this standard of review, "[we] will disturb a post-conviction court's decision as being contrary to law only where the evidence is without conflict and leads to but one conclusion, and the post-conviction court has reached the opposite conclusion."  Id.

### I. Hearing

---

[1] Under the post-conviction rules, the Public Defender may represent an indigent petitioner if the "Public Defender determines the proceedings are meritorious and in the interests of justice."  Ind. Post-Conviction Rule 1(9)(a).  In its order, the post-conviction court here concurred with the Public Defender that Williams's petition was "without merit."  Appellant's App. p. 32.  We express concern over using the Public Defender's determination regarding whether to represent an indigent petitioner as a basis for summarily denying a petition for post-conviction relief.  The post-conviction rules only allow such a summary denial if "the pleadings conclusively show that petitioner is entitled to no relief . . . ."  P-C.R. 1(4)(f).

Williams first argues that the post-conviction court erred by summarily denying his petition for post-conviction relief without having an evidentiary hearing. In general, the post-conviction rules require the post-conviction court to hold a hearing on the petition. However, Indiana Post-Conviction Rule 1, Section 4 provides, in part:

> (f)     If the State Public Defender has filed an appearance, the State Public Defender shall have sixty (60) days to respond to the State's answer to the petition filed pursuant to Rule PC 1(4)(a). If the pleadings conclusively show that petitioner is entitled to no relief, the court may deny the petition without further proceedings.
>
> (g)     The court may grant a motion by either party for summary disposition of the petition when it appears from the pleadings, depositions, answers to interrogatories, admissions, stipulations of fact, and any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. The court may ask for oral argument on the legal issue raised. If an issue of material fact is raised, then the court shall hold an evidentiary hearing as soon as reasonably possible.

The post-conviction court appears to have entered judgment under Indiana Post-Conviction Rule 1, Section 4(f).

When a court disposes of a petition under Indiana Post-Conviction Rule 1, Section 4(f), we essentially review the lower court's decision as we would a motion for judgment on the pleadings. Allen v. State, 791 N.E.2d 748, 752 (Ind. Ct. App. 2003), trans. denied. The court errs in disposing of a petition in this manner unless "the pleadings conclusively show that petitioner is entitled to no relief." P-C.R. 1(4)(f). "If the petition alleges only errors of law, then the court may determine without a hearing whether the petitioner is

6

entitled to relief on those questions. <u>Allen</u>, 791 N.E.2d at 753. "However, if the facts pled raise an issue of possible merit, then the petition should not be disposed of under section 4(f)." <u>Id.</u> "This is true even though the petitioner has only a remote chance of establishing his claim." <u>Id.</u> For each of Williams's claims, we will address whether he was entitled to an evidentiary hearing.

## II. Guilty Plea

Williams claims that his guilty plea was involuntary due to his medications. Voluntariness "focuses on whether the defendant knowingly and freely entered the plea, in contrast to ineffective assistance, which turns on the performance of counsel and resulting prejudice." <u>Cornelious v. State</u>, 846 N.E.2d 354, 358 (Ind. Ct. App. 2006), <u>trans. denied</u>. In assessing the voluntariness of a plea, we review all of the evidence before the post-conviction court, including testimony given at the post-conviction hearing, the transcript of the petitioner's original sentencing, and any plea agreements or other exhibits that are a part of the record. <u>Id.</u> at 357-58.

The State concedes that Williams was entitled to an evidentiary hearing on this claim. According to the State, Williams's petition contained facts supporting this allegation, and this allegation of error should not have been summarily denied. Consequently, we reverse and remand for the post-conviction court to hold an evidentiary hearing on this issue.[2]

## III. Ineffective Assistance of Trial Counsel

---

[2] If appropriate under the post-conviction rules, the post-conviction court could "order the cause submitted upon affidavit" instead of holding an evidentiary hearing. <u>See</u> Ind. Post-Conviction Rule 1(9)(b).

Williams argues that he received ineffective assistance of trial counsel. To prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate both that his or her counsel's performance was deficient and that the petitioner was prejudiced by the deficient performance. Ben-Yisrayl v. State, 729 N.E.2d 102, 106 (Ind. 2000) (citing Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984)), cert. denied. A counsel's performance is deficient if it falls below an objective standard of reasonableness based on prevailing professional norms. French v. State, 778 N.E.2d 816, 824 (Ind. 2002). To meet the appropriate test for prejudice, the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Id. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694, 104 S. Ct. at 2068. Failure to satisfy either prong will cause the claim to fail. Grinstead v. State, 845 N.E.2d 1027, 1031 (Ind. 2006). Most ineffective assistance of counsel claims can be resolved by a prejudice inquiry alone. Id.

In analyzing prejudice in the context of a guilty plea, we review such ineffective assistance of counsel claims under Segura v. State, 749 N.E.2d 496 (Ind. 2001). Segura created two categories of claims and enunciated different treatments of each respective category, depending upon whether the ineffective assistance allegation related to (1) an unutilized defense or failure to mitigate a penalty, or (2) an improper advisement of penal consequences. Willoughby v. State, 792 N.E.2d 560, 563 (Ind. Ct. App. 2003) (citing Segura, 749 N.E.2d at 507), trans. denied.

Williams claims that his trial counsel failed to utilize a defense that he was too intoxicated to have specific intent. "[I]n order to set aside a conviction because of an attorney's failure to raise a defense, a petitioner who has pled guilty must establish that there is a reasonable probability that he or she would not have been convicted had he or she gone to trial and utilized the omitted defense." Willoughby, 792 N.E.2d at 564. "Intoxication is not a defense in a prosecution for an offense and may not be taken into consideration in determining the existence of a mental state that is an element of the offense unless the defendant meets the requirements of IC 35-41-3-5." Ind. Code § 35-41-2-5. Indiana Code Section 35-41-3-5 provides: "It is a defense that the person who engaged in the prohibited conduct did so while he was intoxicated, only if the intoxication resulted from the introduction of a substance into his body: (1) without his consent; or (2) when he did not know that the substance might cause intoxication."

Williams makes no argument or allegation that either of the exceptions is applicable here. Thus, the intoxication defense is inapplicable. Because the pleadings conclusively showed that Williams was not entitled to relief on this issue, a hearing was unnecessary on this issue. Williams has failed to demonstrate that he would not have been convicted had he gone to trial and utilized the intoxication defense. Consequently, the post-conviction court properly denied his petition for post-conviction relief on this basis.

### III. Ineffective Assistance of Appellate Counsel

Next, Williams argues that he received ineffective assistance of appellate counsel. The standard for gauging appellate counsel's performance is the same as that for trial

9

counsel. <u>Allen</u>, 749 N.E.2d at 1166. Williams must demonstrate that his appellate counsel was deficient and that he was prejudiced by the deficient performance. <u>Ben-Yisrayl</u>, 729 N.E.2d at 106.

Williams argues that his appellate counsel should have raised a sentencing issue based upon Indiana Code Section 35-30-1-2(c), the single episode of criminal conduct rule. Because the strategic decision regarding which issues to raise on appeal is one of the most important decisions to be made by appellate counsel, appellate counsel's failure to raise a specific issue on direct appeal rarely constitutes ineffective assistance. <u>See</u> <u>Taylor v. State</u>, 717 N.E.2d 90, 94 (Ind. 1999). The Indiana Supreme Court has adopted a two-part test to evaluate the deficiency prong of these claims: (1) whether the unraised issues are significant and obvious from the face of the record; and (2) whether the unraised issues are "clearly stronger" than the raised issues. <u>Bieghler v. State</u>, 690 N.E.2d 188, 194 (Ind. 1997), <u>cert. denied</u>. If this analysis demonstrates deficient performance by counsel, the court then examines whether the issues that appellate counsel failed to raise "would have been clearly more likely to result in reversal or an order for a new trial." <u>Id.</u>

Indiana Code Section 35-50-1-2(c) provides:

> [E]xcept for crimes of violence, the total of the consecutive terms of imprisonment, exclusive of terms of imprisonment under IC 35-50-2-8 and IC 35-50-2-10, to which the defendant is sentenced for felony convictions arising out of an episode of criminal conduct shall not exceed the advisory sentence for a felony which is one (1) class of felony higher than the most serious of the felonies for which the person has been convicted.

10

Williams was found guilty of Class B felony operating a vehicle while intoxicated causing death, four counts of Class C felony operating a vehicle while intoxicated causing serious bodily injury, and Class C felony failure to remain at scene of accident resulting in death. The Class C felony sentences were ordered to be concurrent with each other but consecutive to the Class B felony conviction for an aggregate sentence of twenty-five years.

Even if the statute is applicable here, the total sentence must not exceed the "advisory sentence for a felony which is one (1) class of felony higher than the most serious of the felonies for which the person has been convicted." I.C. § 35-50-1-2(c). The advisory sentence for a Class A felony, which is one class higher than Williams's Class B felony conviction, is thirty years. Williams was only sentenced to twenty-five years. As a result, the sentence does not violate Indiana Code Section 35-50-1-2(c).[3]

Williams has failed to demonstrate that this sentencing issue was significant and obvious from the face of the record, clearly stronger than the raised issues, and would have been clearly more likely to result in reversal or an order for a new trial. Because the pleadings conclusively showed that Williams was entitled to no relief on this issue, a

---

[3] The State also argues that the limitation on consecutive sentences does not apply here because operating a vehicle while intoxicated causing death and operating a vehicle while intoxicated causing serious bodily injury are classified as crimes of violence under Indiana Code Section 35-50-1-2(a). At the time of Williams's offense, "causing death when operating a motor vehicle" was classified as a crime of violence. The offenses of operating a vehicle while intoxicated causing death and operating a vehicle while intoxicated causing serious bodily injury were added as crimes of violence on July 1, 2008. See Ind. Pub. L. No. 126-2008, § 12.

hearing was unnecessary on this issue. The post-conviction court's denial of Williams's petition on this issue was not clearly erroneous.[4]

## Conclusion

We reverse the post-conviction court's judgment against Williams on his claim that his guilty plea was involuntary and remand for the post-conviction court to hold an evidentiary hearing on the issue. We affirm the post-conviction court's denial of Williams's petition on his claims of ineffective assistance of trial and appellate counsel. We affirm in part, reverse in part, and remand.

Affirmed in part, reversed in part, and remanded.

NAJAM, J., and BAILEY, J., concur.

---

[4] Williams also argues that his appellate counsel should have argued that his sentence was inappropriate in light of the nature of the offense and the character of the offender under Indiana Appellate Rule 7(B). However, on appeal, Williams makes no argument demonstrating that he was prejudiced by this alleged deficient performance. Williams has failed to demonstrate that this sentencing issue was significant and obvious from the face of the record, clearly stronger than the raised issues, and would have been clearly more likely to result in reversal or an order for a new trial.