## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 11 2015, 8:52 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT *PRO SE*

Eric L. Davis, Sr.
Westville, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Eric P. Babbs
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Eric L. Davis, Sr.,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | June 11, 2015<br><br>Court of Appeals Case No.<br>71A03-1410-PC-374<br><br>Appeal from the St. Joseph Superior Court;<br>The Honorable Jane W. Miller, Judge;<br>71D08-1210-PC-47 |

**May, Judge.**

[1] Eric L. Davis, Sr. appeals the denial of his petition for post-conviction relief. We affirm.

## Facts and Procedural History

[2] On December 18, 2009, Davis agreed to plead guilty to Class C felony carrying a handgun without a license[1] and Class C misdemeanor operating a vehicle while never licensed.[2] His plea agreement left the issue of sentencing open to the discretion of the trial court. On February 10, 2010, the trial court pronounced an eight-year sentence.

[3] On October 4, 2012, Davis filed a petition for post-conviction relief, which he later amended. He claimed, among other things, his trial counsel was ineffective for incorrectly advising him he was subject to a habitual offender enhancement if he went to trial and the trial court acted inappropriately when it questioned witnesses during a hearing on Davis' motion to suppress. The post-conviction court held evidentiary hearing on December 20, 2013, and on September 17, 2014, denied Davis' petition.

## Discussion and Decision

[4] We first note Davis proceeds *pro se*. A litigant who proceeds *pro se* is held to the rules of procedure that trained counsel is bound to follow. *Smith v. Donahue*,

---

[1] Ind. Code § 35-47-2-1(a) (2012); Ind. Code § 35-47-2-23(c) (2009).

[2] Ind. Code § 9-24-18-1.

907 N.E.2d 553, 555 (Ind. Ct. App. 2009), *trans. denied*, *cert. dismissed*. One risk a litigant takes when he proceeds *pro se* is that he will not know how to accomplish all the things an attorney would know how to accomplish. *Id.* When a party elects to represent himself, there is no reason for us to indulge in any benevolent presumption on his behalf or to waive any rule for the orderly and proper conduct of his appeal. *Foley v. Mannor*, 844 N.E.2d 494, 502 (Ind. Ct. App. 2006).

[5] Post-conviction proceedings afford petitioners a limited opportunity to raise issues that were unavailable or unknown at trial and on direct appeal. *Davidson v. State*, 763 N.E.2d 441, 443 (Ind. 2002). As post-conviction proceedings are civil in nature, the petitioner must prove his grounds for relief by a preponderance of the evidence. *Id.* A party appealing a post-conviction judgment must establish that the evidence is without conflict and, as a whole, unmistakably and unerringly points to a conclusion contrary to that reached by the post-conviction court. *Id.* Where, as here, the post-conviction court makes findings of fact and conclusions of law in accordance with Indiana Post-Conviction Rule 1(6), we do not defer to the court's legal conclusions, but "the findings and judgment will be reversed only upon a showing of clear error – that which leaves us with a definite and firm conviction that a mistake has been made." *Ben-Yisrayl v. State*, 729 N.E.2d 102, 106 (Ind. 2000) (internal quotation and citation omitted).

[6] A successful claim of ineffective assistance of trial counsel must satisfy two components. First, the defendant must show deficient performance -

representation that fell below an objective standard of reasonableness involving errors so serious that the defendant did not have the counsel guaranteed by the Sixth Amendment. *McCary v. State*, 761 N.E.2d 389, 392 (Ind. 2002), *reh'g denied*. Second, the defendant must show prejudice - a reasonable probability (*i.e.,* a probability sufficient to undermine confidence in the outcome) that, but for counsel's errors, the result of the proceeding would have been different. *Id.*

[7] Davis argues his trial counsel incorrectly advised him an additional habitual offender count could be added to his charges if he went to trial, and this alleged misinformation induced him to accept the State's plea offer. One category of claims under which we review allegations of ineffective assistance of counsel following a guilty plea is "improper advisement of penal consequences." *Willoughby v. State*, 792 N.E.2d 560, 563 (Ind. Ct. App. 2003), *trans. denied*. Improper advisement includes "incorrect advice as to the law." *Id.*

[8] Our Indiana Supreme Court has held:

> Whether viewed as ineffective assistance of counsel or an involuntary plea, the post-conviction court must resolve the factual issue of the materiality of the bad advice in the decision to plead, and the post-conviction relief may be granted if the plea can be shown to have been influenced by counsel's error. However, if the post-conviction court finds that the petitioner would have pleaded guilty even if competently advised as to the penal consequences, the error in advice is immaterial to the decision to plead and there is no prejudice.

*Segura v. State*, 749 N.E.2d 496, 504-5 (Ind. 2001).

[9] Davis alleges his trial counsel advised him "the State would file a habitual offender count against him if he did not plead guilty[.]" (PCR Order at 6.)[3] Davis contends he decided to plead guilty after his motion to suppress was denied because he was concerned about the sentence enhancement should he be found guilty at trial.

[10] "The state may not seek to have a person sentenced as a habitual offender for a felony offense . . . if the current offense is a misdemeanor that is enhanced to a felony in the same proceeding as the habitual offender proceeding solely because the person had a prior unrelated conviction." Ind. Code § 35-50-2-8. The State charged Davis with Class C misdemeanor operating while never licensed; Class A misdemeanor carrying a handgun without a license; and Class C felony possession of a handgun by a felon. Davis' misdemeanor handgun charge was enhanced to a felony by virtue of a prior unrelated conviction, so a habitual offender enhancement was prohibited by Ind. Code § 35-50-2-8.

[11] The post-conviction court acknowledged Davis' trial counsel was incorrect in his interpretation of the relevant statutes, but found: "Although counsel's advice was inaccurate, [Davis] has failed to demonstrate how he was prejudiced by his counsel's actions. . . . By pleading guilty Davis was in no worse position than he would have [been in] had he gone to trial." (PCR Order at 8-9.) We agree.

---

[3] Davis did not include a copy of the post-conviction court's order in his appendix, and thus we cite to the order he attached to the end of his Appellant's Brief.

[12]   Police pulled Davis over because he did not signal a turn. After stopping Davis, the officer discovered an outstanding warrant for Davis' arrest. While placing Davis under arrest, the officer asked Davis if he had any weapons on his person, and Davis indicated he was carrying a gun. At the time of the arrest, Davis was on probation for a prior felony, and thus the State had sufficient evidence Davis committed Class C felony possession of a handgun by a felon. *See* Ind. Code § 35-47-2-1 (2009) ("a person shall not carry a handgun in any vehicle . . . without a license issued under this chapter being in the person's possession"); *and see Ind. Code* § 35-47-2-23(c)(2) (2009) ("A person who violates [Ind. Code § 35-47-2-1] commits a Class A misdemeanor. However, the offense is a Class C felony: . . . (2) if the person . . . (B) has been convicted of a felony within fifteen (15) years before the date of the offense.").

[13]   Pursuant to the plea agreement, Davis entered a plea of guilty to Class C felony possession of a handgun by a felon and Class C misdemeanor operating a vehicle without ever receiving a license; sentencing was left open to the trial court's discretion. Davis received a sentence of eight years, which is the statutory maximum for a Class C felony. Davis has not indicated how he could have achieved a more favorable outcome had he gone to trial, and therefor he has not demonstrated prejudice. *See Missouri v. Frye*, 132 S. Ct. 1399, 1409 (2012) (To establish prejudice in a claim of ineffective assistance of counsel following a guilty plea, "it is necessary to show a reasonable probability that the end result of the criminal process would have been more favorable by reason of

a plea to a lesser charge or a sentence of less prison time.").  Accordingly, we affirm the denial of his petition for post-conviction relief.[4]

[14]   Affirmed.

Robb, J., and Mathias, J., concur.

---

[4] Davis also appeals the post-conviction court's decision that the trial court did not err when it questioned witnesses during the hearing on Davis' motion to suppress.  However, Davis has not provided citation to legal precedent or the record in support of his claim; thus, it is waived.  *See* Ind. Appellate Rule 46(A)(8)(a) (argument must be supported by citations to relevant parts of the record); *and see Reed v. State*, 702 N.E.2d 685, 689 (Ind. 1998) (failure to provide complete record and citations thereto results in waiver of issue on appeal).