MANION, Circuit Judge,
dissenting.
Because I conclude that the district court properly denied Stephen Wieland the writ of habeas corpus, I respectfully dissent. This case largely turns on the standard by which we review the state court’s decision. I agree with the district court that the Indiana Court of Appeals’ decision here was not “contrary to” Strickland, Hill, or other United States Supreme Court precedents. In addressing the central issue — whether, but for counsel’s erroneous sentencing advice, Wieland would have insisted on going to trial — the state court here relied on Willoughby v. State, 792 N.E.2d 560 (Ind.Ct.App.2003), which held:
Merely alleging that the petitioner would not have pled had the correct advice been given is insufficient. Rather, specific facts, in addition to the petitioner’s conclusory allegation, must establish an objective reasonable probability that competent representation would have caused the petitioner not to enter a plea. Consequently, [the] analysis ... must focus on the specific facts proffered by the petitioner, which indicate that a reasonable defendant would have rejected the petitioner’s *531 plea had the petitioner’s trial counsel performed adequately.
792 N.E.2d at 564 (emphasis added; internal quotations and citations omitted). The district court, by prudently incorporating Willoughby into its review of this case, correctly understood that the state court here used the phrase “reasonable defendant” as an interchangeable equivalent to the Strickland phrase “reasonable probability.” What is more, the substance of the state court’s analysis in this case is not materially different from a traditional reasonable probability analysis. It is simply not “contrary to” Strickland. Consequently, I agree with the district court that federal review here should not be de novo but rather limited to the deferential “unreasonable application” standard under § 2254(d)(1). Under that standard, moreover, the state court’s treatment of the present ineffective assistance claim was reasonable. It is reasonable to conclude that, unlike the situation in Moore, upon which this court so heavily relies, there is insufficient evidence here to credit Wieland’s self-serving declarations that, but for counsel’s error, he would not have pleaded guilty. Additionally, as the state and district courts pointed out, not only did Wieland reduce his sentence by 3.5 years but, by pleading guilty, he gave himself a shot at a substantially lighter sentence due to his acceptance of responsibility and a possibility of concurrent sentences on the two counts. For all of these reasons, the district court’s decision to deny Wieland’s habeas corpus petition should be affirmed.