## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Apr 15 2016, 7:52 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Kevin Munoz
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

J.T. Whitehead
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jose Carreno,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | April 15, 2016<br><br>Court of Appeals Case No.<br>49A04-1509-CR-1337<br><br>Appeal from the Marion Superior<br>Court<br><br>The Honorable Jose Salinas, Judge<br><br>Trial Court Cause No.<br>49G14-0812-FD-288153 |

**Bailey, Judge.**

# Case Summary

Jose Carreno ("Carreno") appeals the denial of his motion for post-conviction relief, which challenged his plea of guilty to Possession of a Controlled Substance.[1] He presents the sole issue of whether he was denied the effective assistance of counsel because counsel failed to advise Carreno of the possibility of deportation.[2] We affirm.

# Facts and Procedural History

On February 12, 2009, Carreno pled guilty to Possession of a Controlled Substance, as a Class D felony. He was sentenced to 180 days imprisonment, with 178 days suspended to probation. He subsequently filed a motion to modify the felony conviction to a misdemeanor conviction. On the date of hearing on that motion, Carreno filed a petition for post-conviction relief. Hearings were conducted on June 5, 2015 and on June 26, 2015. On August 7, 2015, the post-conviction court entered its findings, conclusions, and order denying Carreno post-conviction relief. This appeal ensued.

# Discussion and Decision

---

[1] Ind. Code § 35-48-4-7.

[2] The U.S. Immigration and Nationality Act provides that an alien is deportable for violating "any law or regulation of a State, the United States, or a foreign country relating to a controlled substance … other than a single offense involving possession for one's own use of 30 grams or less of marijuana." 8 U.S.C.A. § 1227(a)(2)(B)(i) (2008).

# Standard of Review

[3] The petitioner in a post-conviction proceeding bears the burden of establishing the grounds for relief by a preponderance of the evidence. Ind. Post-Conviction Rule 1(5); *Fisher v. State*, 810 N.E.2d 674, 679 (Ind. 2004). When appealing from the denial of post-conviction relief, the petitioner stands in the position of one appealing from a negative judgment. *Id.* On review, we will not reverse the judgment of the post-conviction court unless the evidence as a whole unerringly and unmistakably leads to a conclusion opposite that reached by the post-conviction court. *Id.* A post-conviction court's findings and judgment will be reversed only upon a showing of clear error, that which leaves us with a definite and firm conviction that a mistake has been made. *Id.* In this review, findings of fact are accepted unless they are clearly erroneous and no deference is accorded to conclusions of law. *Id.* The post-conviction court is the sole judge of the weight of the evidence and the credibility of witnesses. *Id.*

# Effectiveness of Trial Counsel

[4] Carreno sought post-conviction relief based upon his claim that, had his counsel advised him that deportation was a potential consequence of his guilty plea, he would not have so pled. Carreno's counsel testified that he communicated with Carreno through an interpreter, but he did not inquire into the immigration status of his clients.

[5] To prevail on a claim of ineffectiveness of counsel, a petitioner must demonstrate both that his counsel's performance was deficient and that he was

prejudiced thereby. *Strickland v. Washington*, 466 U.S. 668 (1984)). "Because an inability to satisfy either prong of this test is fatal to an ineffective assistance claim, this court need not even evaluate counsel's performance if the petitioner suffered no prejudice from that performance." *Suarez v. State*, 967 N.E.2d 552, 555 (Ind. Ct. App. 2012).

[6] When a petitioner has pled guilty, we must analyze his claim under *Segura v. State*, 749 N.E.2d 496 (Ind. 2001). *Segura* recognizes two main categories of ineffectiveness in relation to a guilty plea, the second of which is implicated here. *Clarke v. State*, 974 N.E.2d 562, 565 (Ind. Ct. App. 2012). This second category relates to improper advisement of penal consequences, which may involve "claims of intimidation by exaggerated penalty or enticement by an understated maximum exposure" or "claims of incorrect advice as to the law." *Willoughby v. State*, 792 N.E.2d 560, 563 (Ind. Ct. App. 2003). The failure to advise a client of the possibility of deportation in the event of a conviction may, under certain circumstances, constitute ineffective assistance of counsel. *Segura*, 749 N.E.2d at 500.

[7] A petitioner seeking post-conviction relief on grounds that a plea was entered upon incorrect legal advice may not simply allege that he or she would not have pled guilty with proper advice, nor is the petitioner's conclusory testimony to that effect sufficient to prove prejudice. *Clarke*, 974 N.E.2d at 565. Rather, the petitioner must establish, by objective facts, circumstances that support the conclusion that erroneous advice as to penal consequences was material to the decision to plead. *Id.* It is appropriate to consider, along with the special

circumstances presented, the strength of the State's case, which a reasonable defendant would take into account when pondering a guilty plea, and the benefit conferred upon the defendant. *Suarez*, 967 N.E.2d at 556. "[I]f the post-conviction court finds that the petitioner would have pleaded guilty even if competently advised as to the penal consequences, the error in advice is immaterial to the decision to plead and there is no prejudice." *Segura*, 749 N.E.2d at 505.

[8] Carreno contends that special circumstances existed in his case, akin to those present in *Sial v. State*, 862 N.E.2d 702 (Ind. Ct. App. 2007). The defendant in *Sial* was a non-citizen resident of the United States who pled guilty to theft as a Class D felony. His attorney did not advise him of the possibility of deportation and Sial filed a post-conviction petition on grounds that he had received ineffective assistance of counsel. The petition was denied and Sial appealed. A panel of this Court reversed the denial, concluding that Sial had sufficiently demonstrated special circumstances consistent with *Segura*, because Sial was a twenty-year resident of the United States and had a wife and child in this country. *Id.* at 706.

[9] Here, Carreno did not testify, but submitted an affidavit averring that he would not have pled guilty had he been advised of the possibility of deportation. Carreno's wife testified, stating that she and Carreno had married in the United

States and had a child soon thereafter.[3] However, even if special circumstances were found to exist, this does not end the inquiry. *See Clarke*, 974 N.E.2d at 566.

[10] The State's evidence against Carreno developed when an Indiana State Police officer responded to a report of a single-vehicle crash. He found Carreno, who tested positive for consumption of alcohol, also in possession of hydrocodone. Carreno did not produce a valid prescription for the drug, but offered an explanation that it was his wife's medication and he had been taking it for tooth pain. Carreno initially faced charges of possession of a controlled substance, speeding, operating a vehicle without a valid license, and failure to signal. Carreno pled guilty to the most serious charge and the other charges were dismissed. Upon pleading guilty, Carreno was given a minimal sentence for his Class D felony, 180 days. I.C. § 35-50-2-7. He received actual credit and good time credit for the day he was incarcerated, and was ordered to serve the remaining 178 days on probation. Carreno was afforded the opportunity to subsequently apply for alternative misdemeanor sentencing.

[11] The post-conviction court found that Carreno had demonstrated no prejudice stemming from a lack of advice. We agree. Given the strength of the State's case and the benefits to Carreno accruing from his decision to plead guilty, we conclude that Carreno has failed to show that there is an objectively reasonable

[3] She did not testify as to Carreno's country of origin or how long he had been in the United States.

probability that he would have insisted on going to trial had his counsel advised him of possible deportation.

# Conclusion

Carreno has not established grounds for post-conviction relief.

Affirmed.

Bradford, J., and Altice, J., concur.