## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 28 2017, 6:16 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEE |
|---|---|
| Stacy R. Uliana<br>Bargersville, Indiana | Curtis T. Hill, Jr.<br>Attorney General of Indiana<br><br>J.T. Whitehead<br>Deputy Attorney General<br>Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Michael Scroggins,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | February 28, 2017<br><br>Court of Appeals Case No.<br>39A01-1605-PC-1026<br><br>Appeal from the Jefferson Superior Court<br><br>The Honorable John Webster, Special Judge<br><br>Trial Court Cause No.<br>39D01-1312-PC-1125 |

**Robb, Judge.**

# Case Summary and Issues

[1] Pursuant to a plea agreement, Michael Scroggins pleaded guilty to two counts of reckless homicide and one count of criminal recklessness, all Class C felonies, and the trial court sentenced him to the maximum term of twenty-four years in the Indiana Department of Correction. Thereafter, Scroggins filed a petition for post-conviction relief wherein he alleged his trial counsel was ineffective and his guilty plea was involuntary, which the post-conviction court denied. Scroggins appeals the denial of post-conviction relief, raising two issues for our review, which we consolidate and state as whether the post-conviction court erred in denying Scroggins' petition for post-conviction relief. Concluding the post-conviction court did not err, we affirm.

# Facts and Procedural History

[2] We summarized the facts of this case in Scroggins' direct appeal:

> On March 2, 2010, Abby Jackson (Jackson) was traveling in the southbound lane of State Road 7 in Dupont, Indiana, when she observed a green Chevrolet pickup truck swerving at a high rate of speed behind her. Scroggins and a female passenger[, Jessica Short,] were in the pickup truck. The vehicles had entered a no passing zone, but Jackson moved to the right side of the road to allow Scroggins to pass. Scroggins drove around her, then abruptly cut back to the right, causing Jackson to apply her brakes to avoid a collision. Around the same time, Bonnie Ramey-Low (Ramey-Low), Lois Robinson (Robinson), and Cindy Speer (Speer) were traveling northbound on S.R. 7 in Ramey-Low's Jeep Liberty. As their vehicle crested a small hill, Scroggins' pickup truck appeared in their lane. Ramey-Low

swerved to the left to avoid Scroggins, but their vehicles collided head-on.

Police arrived at the accident soon thereafter and found Ramey-Low slumped over the steering wheel. Ramey-Low had died from the accident, but Speer and Robinson survived and were removed from the Jeep. Robinson later died from her injuries and Speer suffered multiple fractures and inner ear damage. Scroggins and [Short] were removed from their vehicle as well, with Scroggins receiving significant injuries to his arms and the lower half of his body.[1]

On August 11, 2010, the State filed an Information charging Scroggins with Counts I and II, reckless homicide, Class C felonies; Counts III-V, criminal recklessness, Class C felonies; Counts VI and VII, criminal recklessness, Class C felonies; and Count VIII, criminal recklessness, a Class [C] felony.

*Scroggins v. State*, No. 39A01-1203-CR-91, slip op. at *1 (Ind. Ct. App. Sept. 28, 2012) (citations omitted), *trans. denied*.

[3] On August 18, 2010, the presiding judge of the Jefferson Superior Court recused herself and ordered the county clerk to appoint a special judge in accordance with local rules. At the time, the local rules provided two lists of eligible special judges, one list naming those judges eligible to preside over civil matters and the other naming those judges eligible to preside over criminal matters. The Clerk selected Special Judge McLaughlin (previously Judge

---

[1] We note law enforcement also discovered a Suboxone pill and a marijuana butt in Short's purse.

Blankenship) of Dearborn County from the civil list. Judge McLaughlin accepted her appointment in September 2010. Nearly a year later, Scroggins' family discovered Judge McLaughlin had been selected from the civil list rather than the criminal list and notified Scroggins' trial counsel, James Pattison. On August 30, 2011, Pattison moved to disqualify Judge McLaughlin, which the trial court denied.

[4] On October 13, 2011, the State deposed Short, Scroggins' passenger, who stated she and Scroggins smoked marijuana several hours before the accident and Scroggins had, at some point, given her pills: two Clonazepams and two Suboxones. The following day, the State e-mailed Pattison with a plea offer. In the e-mail, the State noted its intention, based on Short's deposition testimony, to amend the charging information to include several additional counts: Counts IX and X, dealing in a controlled substance as Class B felonies; Count XI, dealing in marijuana as a Class A misdemeanor; Counts XII and XIII, operating a vehicle while intoxicated causing death as Class B felonies; Count XIV, operating a vehicle while intoxicated causing serious bodily injury as a Class C felony; and Count XV alleged Scroggins was an habitual substance offender. In light of this, the State opined Scroggins faced a sentencing range of six to 102 years in prison. The State's plea offer provided:

> [W]e are offering, subject to notification to the victims, a plea to 2x OWI Death, class B felonies, and 1x Crim Reck, class C felony, with the Crim Reck to run concurrent for a range of 6-40 years, open argument, sentence to be executed at DOC. We will agree to dismiss the remaining counts and forgo the dealing counts and an HSO sentence enhancement.

Petitioner's Exhibit 8 at 1. Pattison then discussed this note with Scroggins and his family. Although not entirely clear from the record, it appears Scroggins did not accept this plea agreement. Instead,

> [o]n December 20, 2011, Scroggins entered into a plea agreement with the State in which he pled guilty to Counts I [reckless homicide], II [reckless homicide], and V [criminal recklessness] in exchange for the State's dismissal of [the remaining counts]. The State also agreed to forego the filing of five additional Counts as well as a habitual substance offender allegation. The plea agreement left Scroggins' sentence to the trial court's discretion. On January 10, 2012, the trial court accepted Scroggins' plea agreement and scheduled a sentencing hearing.

> On January 20, 2012, the trial court conducted the sentencing hearing . . . [and] sentenced Scroggins to eight years of incarceration on each Count, with the sentences to be served consecutively, for an aggregate sentence of twenty-four years.

*Scroggins*, No. 39A01-1203-CR-91, at *1. We affirmed Scroggins' sentence on direct appeal. *Id*. at *2. In May 2013, Scroggins filed a petition for post-conviction relief, which the post-conviction court denied. This appeal ensued. Additional facts will be added as necessary.

## Discussion and Decision

### I. Standard of Review

A post-conviction proceeding affords the petitioner an "opportunity to raise issues that were unknown or unavailable at the time of the original trial or the direct appeal." *Maymon v. State*, 870 N.E.2d 523, 526 (Ind. Ct. App. 2007),

*trans. denied*.  However, a post-conviction proceeding does not constitute "a super appeal," and it "provide[s] only a narrow remedy for subsequent collateral challenges to convictions."  *Id*.

[6]  Post-conviction proceedings are civil in nature and the petitioner bears the burden of establishing his grounds for relief by a preponderance of the evidence.  *Stevens v. State*, 770 N.E.2d 739, 745 (Ind. 2002), *cert. denied*, 540 U.S. 830 (2003).  On appeal from the denial of a petition for post-conviction relief, the petitioner stands in the position of one appealing from a negative judgment.  *Willoughby v. State*, 792 N.E.2d 560, 562 (Ind. Ct. App. 2003), *trans. denied*.

> In order to prevail, the petitioner must show that the evidence is without conflict and leads unerringly and unmistakably to a conclusion opposite that reached by the post-conviction court.  It is only where the evidence is without conflict and leads to but one conclusion, and the post-conviction court has reached the opposite conclusion, that the decision will be disturbed as being contrary to law.

*Id*. (internal citation and quotation marks omitted).  We will not reweigh evidence or assess the credibility of witnesses.  *Id*.[2]

---

[2] At points in his brief, Scroggins alleges the post-conviction court failed to address certain claims and therefore we should review those unaddressed claims under a de novo standard of review.  Based upon our review of Scroggins' petition for post-conviction relief, the post-conviction court's order denying Scroggins relief, and the argument Scroggins raised in his brief, we disagree the post-conviction court failed to address certain claims.

# II. Ineffective Assistance of Trial Counsel

Scroggins contends the post-conviction court erred in denying his petition for post-conviction relief, wherein he alleged he received ineffective assistance of trial counsel causing his plea to be made involuntarily. The Sixth Amendment "right to counsel is the right to the effective assistance of counsel." *Strickland v. Washington*, 466 U.S. 668, 686 (1984) (citation omitted). To establish a claim of ineffective assistance of counsel, a petitioner must demonstrate (1) counsel's performance was deficient, and (2) the deficient performance prejudiced the defense. *Id*. at 687. Counsel's performance was deficient if it fell below an objective standard of reasonableness based on prevailing professional norms. *Id*. at 688.

As for the prejudice prong, there are two types of ineffective assistance claims available to a defendant who pleaded guilty: "(1) failure to advise the defendant on an issue that impairs or overlooks a defense and (2) an incorrect advisement of penal consequences." *Manzano v. State*, 12 N.E.3d 321, 326 (Ind. Ct. App. 2014) (citation omitted), *trans. denied*, *cert. denied*, 135 S. Ct. 2376 (2015). For claims relating to an overlooked defense, a petitioner must show a reasonable probability he would have been acquitted had he gone to trial. *Id*. Where a petitioner claims counsel provided incorrect advice regarding penal consequences, the petitioner must show "the hypothetical reasonable defendant

would have elected to go to trial if properly advised." *Segura v. State*, 749 N.E.2d 500, 507 (Ind. 2001).[3]

[9] From what we can gather, Scroggins argues trial counsel rendered ineffective assistance in failing to (1) advise him double jeopardy would have precluded or mitigated convictions on some charges, and (2) advise him the criminal recklessness statute defining one of the charges he ultimately pleaded guilty to violates Indiana's Proportionality Clause.[4] Before we turn to the merits, however, it is necessary to note Scroggins' brief and arguments are somewhat disorganized and difficult to follow, which has hindered our review of this case. Notably, it is unclear under which of the two types of *Segura* claims Scroggins raises these arguments. The crux of his argument in his petition for post-conviction relief and now on appeal, however, is trial counsel misinformed him of his potential maximum sentence and had trial counsel rendered effective

---

[3] *Segura* provides,

> Whether viewed as ineffective assistance of counsel or an involuntary plea, the postconviction court must resolve the factual issue of the materiality of the bad advice in the decision to plead, and postconviction relief may be granted if the plea can be shown to have been influenced by counsel's error. However, if the postconviction court finds that the petitioner would have pleaded guilty even if competently advised as to the penal consequences, the error in advice is immaterial to the decision to plead and there is no prejudice.

749 N.E.2d at 504-05. Thus, it is of no matter whether we examine Scroggins' claims under an ineffective assistance of counsel analysis or an involuntary plea analysis.

[4] Scroggins also contends trial counsel rendered ineffective assistance in failing to timely challenge Special Judge McLaughlin's appointment. Specifically, he claims he suffered prejudice because a different trial court judge *could* have given him a more lenient sentence. We initially express some sense of hesitancy as to whether Scroggins may even bring such a claim. *Segura* clearly establishes only two types of ineffective assistance of counsel claims in a guilty plea setting and this claim does not fall under either type. In any event, Scroggins has not proven he suffered any prejudice. Scroggins presents no evidence showing (1) Special Judge McLaughlin was biased toward or prejudiced against him, or (2) a different judge *would* have given him a more lenient sentence. Therefore, his argument fails.

assistance by informing him of the actual potential maximum sentence had the matter gone to trial, he would not have pleaded guilty. We therefore interpret Scroggins' contentions in this regard as the second type of *Segura* claim: erroneous advice as to penal consequences.

## B. Penal Consequences

Scroggins argues trial counsel rendered ineffective assistance in failing to advise him Indiana's Proportionality Clause would have mitigated his conviction on Count V, criminal recklessness, and double jeopardy would have precluded or mitigated convictions on potential Count X, dealing in a controlled substance, and potential Counts XII and XIII, operating a vehicle a vehicle while intoxicated causing death. He further contends had trial counsel adequately advised him of these issues, he would have been informed the maximum sentence he faced was seventy-two years rather than 102 and therefore he would not have pleaded guilty.

A petitioner who claims prejudice as a result of trial counsel's erroneous advice as to penal consequences must show counsel provided erroneous advice and the hypothetical reasonable defendant would have elected to go to trial if properly advised. *See Segura*, 749 N.E.2d at 507. Assuming without deciding the Proportionality Clause and prohibition against double jeopardy would have precluded or mitigated convictions on all four counts noted above and that trial counsel performed deficiently by failing to so advise Scroggins, Scroggins has not met his burden of showing the post-conviction court erred in concluding there was no prejudice. Scroggins cites to portions of the record showing (1) he

was resistant to pleading guilty after the State threatened to amend the charging information to include several more counts; (2) Pattison aggressively urged him to accept the plea agreement; (3) Pattison discussed the issue with Scroggins' family in an attempt to urge him to accept the plea agreement; and (4) his biggest fear was getting out of prison before his death. However, as the post-conviction court noted in denying Scroggins relief, "This is a case involving the deaths of two (2) people and another with very serious injuries. There is simply a lack of *credible* evidence that Scroggins' decision to plead guilty to these class C felonies were [sic] the result of trial counsel's discussion with Scroggins regarding possible penalties." Appealable Order at 8 (emphasis added). Therefore, Scroggins' arguments regarding prejudice are merely a request for this court to reassess witness credibility and reweigh the evidence, which we will not do. *See Willoughby*, 792 N.E.2d at 562.

[12] In any event, Pattison advised Scroggins of both the minimum and maximum sentence he faced if he went to trial and we note many factors cause a sentencing range to fluctuate, especially where, as here, the State already charged Scroggins with multiple felony counts, the State noted its intent to amend the charging information to include several more felony counts, and the parties were actively conducting plea negotiations. In addition, Scroggins agreed to plead open, which gave the trial court the discretion to sentence him to a much smaller sentencing range, with the maximum being twenty-four years. We further note even a maximum of seventy-two years executed is three times the maximum sentence of twenty-four years he faced by pleading guilty.

Scroggins therefore received a substantial benefit in pleading guilty. In light of the foregoing, we cannot say the hypothetical reasonable defendant would have elected to go to trial in this case. We conclude the post-conviction court did not err in determining Scroggins did not prove he suffered prejudice as a result of counsel's alleged erroneous advice as to penal consequences. [5]

## Conclusion

[13]     We conclude the post-conviction court did not err in denying Scroggins' petition for post-conviction relief. Accordingly, we affirm.

[14]     Affirmed.

Kirsch, J., and Barnes, J., concur.

---

[5] Scroggins also argues trial counsel rendered ineffective assistance in failing to advise him the State did not have sufficient evidence to convict him on Counts XII and XIII. He claims he suffered prejudice as a result because had he been informed of this issue, he would have (1) received a more favorable outcome had the matter gone to trial, and (2) not pleaded guilty. Thus, on this issue, it appears he brings both types of *Segura* claims. However, it is not clear Scroggins would have received a more favorable outcome had the matter gone to trial and the jury acquitted him of Counts XII and XIII because Scroggins was still facing several other felony charges carrying a more severe maximum sentence than the twenty-four-year sentence the trial court imposed. As to his claim he would not have pleaded guilty, we note Scroggins already challenges counsel's advice regarding penal consequences on the basis Counts XII and XIII should not have been considered as a part of the sentencing range. Therefore, this is merely a duplicate argument, and having concluded Scroggins has not proven the hypothetical reasonable defendant would opt to go to trial under the current circumstances, this argument also fails.