## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Oct 01 2018, 9:35 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Marquis Wilcox
Carlisle, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

George P. Sherman
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Marquis T. Wilcox,<br>*Appellant-Petitioner,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Respondent.* | October 1, 2018<br><br>Court of Appeals Case No.<br>49A02-1705-PC-1111<br><br>Appeal from the Marion Superior Court<br><br>The Honorable Marc T. Rothenberg, Judge<br><br>The Honorable Amy J. Barbar, Magistrate<br><br>Trial Court Cause No.<br>49G02-1203-PC-13374 |

**Tavitas, Judge.**

# Case Summary

[1] Marquis Wilcox appeals the post-conviction court's denial of his petition for post-conviction relief. We affirm.

# Issue

[2] Wilcox raises one issue, which we restate as whether he was denied the effective assistance of counsel.

# Facts

[3] On March 2, 2012, the State charged Wilcox with two counts of child molesting as Class A felonies, one count of attempted child molesting as a Class A felony, and two counts of child molesting as Class C felonies. Wilcox agreed to plead guilty to two counts of child molesting as Class C felonies with a sentence of sixteen years, and the State agreed to dismiss the Class A felony charges. The sentence was required to be served consecutively to the sentence that Wilcox was already serving in another case.[1] In July 2013, the trial court accepted Wilcox's guilty plea and sentenced him in accordance with the plea agreement.

[4] In January 2014, Wilcox filed a pro se petition for post-conviction relief, which he later amended. Wilcox argued that his guilty plea was involuntary due to ineffective assistance of counsel regarding advice he received about his status as

---

[1] In 2012, Wilcox was convicted of four counts of child molesting, Class A felonies, for conduct that occurred between December 2, 2008, and December 1, 2009. *See Wilcox v. State*, 49A04-1209-CR-456 (June 28, 2013), *trans. denied*. The trial court sentenced him to serve eighty years in the Department of Correction with twenty years suspended.

a credit restricted felon.[2] Specifically, Wilcox asserted his trial counsel erroneously advised him that he would be a credit restricted felon if convicted. Wilcox claimed that he "would have insisted on going to trial" if his trial counsel had properly advised him regarding credit time for which he qualified if convicted. Appellant's App. Vol. I p. 50.

[5] At the post-conviction hearing, Wilcox testified that he was advised to accept the plea because, if he proceeded to trial and was convicted of an A felony, he "would be sentenced to 136 years and [he] would have to [serve] 85 percent of that time" in prison due to his classification as a credit restricted felon. Tr. Vol. II p. 57. Wilcox claimed that his trial counsel "told [him] that if [he] did not accept the plea, [he] would die in prison and this was [his] best opportunity to be released from prison with some years left to spend with [his] loved ones." *Id.* According to Wilcox, if he had known that he was not a credit restricted felon, he would have requested a trial.

[6] Trial counsel, Ian Thompson, testified that he did not recall any specific conversations regarding Wilcox's credit restricted felony status. Thompson did, however, believe that "if [Wilcox] had been convicted of the Class A felony charge, that [he] would have been credit restricted on that charge alone, but not

---

[2] Wilcox also argued that he received ineffective assistance of counsel regarding advice on good time credits and educational credits and that he was "denied effective assistance of counsel due to a potential conflict of interest." Appellant's App. Vol. I p. 49. Wilcox abandoned the conflict of interest argument during the hearing, and the post-conviction court ruled against Wilcox on the good time credit issue. Wilcox does not raise either of these issues on appeal.

on the C felonies." *Id.* at 10-11. Wilcox's other trial counsel, Ronald Frazier, testified that he did not remember telling Wilcox that he would be a credit restricted felon if he was "convicted of an A felony or all the charges." *Id.* at 46. Frazier did recall informing Wilcox that he would die in prison if he did not accept the plea offer and was convicted of the charges.

[7] After the post-conviction relief hearing, the post-conviction court entered findings of fact and conclusions of law and denied Wilcox's petition for post-conviction relief. The post-conviction court found in part:

> 14. Petitioner argues counsel told him if he was convicted on the Class A felony counts he would be a credit restricted felon and serve the rest of his life in prison. The three Class A felony counts could result in a total aggravated sentence of 150 years in prison. The credit restricted felon statute became effective on July 1, 2008. Therefore, only Count III would make the Petitioner eligible as a credit restricted felon ("on or between August 17, 2007 and August 11, 2008").

> 15. At the time counsel discussed this plea offer with him, Petitioner was already serving a sixty (60) year sentence as a credit restricted felon from his conviction in 49G22-1110-FA-073642. The cases involved different victims at different times and consecutive sentencing would be a virtual certainty. So, the statement he would spend the rest of his life in prison was a simple fact (with or without the credit restricted felon status). Counsel was correct that he would be a credit restricted felon, if only on Count III and not all the Class A's. Counsel was incorrect that Counts I and II would make him [a] credit restricted felon. However, given the

extremely beneficial plea the Petitioner received, that isolated mistake alone does not amount to ineffective representation, outside of prevailing professional norms. Even so, Petitioner has failed to show prejudice. It is not reasonably probable that an objectively reasonable defendant already convicted of child molesting and serving sixty (60) years in prison as a credit restricted felon, would risk facing at least another one hundred fifty (150) years in prison, with possible fifty (50) years as credit restricted, and turn down eight (8) years, do four (4) to go to trial on the basis of what is stated in his attorney's emails, Ex. A and B.

16. For all of these reasons, the Court finds Petitioner has not met his burden of proof and finds for the State.

Appellant's App. Vol. I pp. 97-98. Wilcox now appeals.

# Analysis

[8] Wilcox appeals the post-conviction court's denial of his petition for post-conviction relief. A court that hears a post-conviction claim must make findings of fact and conclusions of law on all issues presented in the petition. *Pruitt v. State*, 903 N.E.2d 899, 905 (Ind. 2009) (citing Ind. Post-Conviction Rule 1(6)), *reh'g denied*. "The findings must be supported by facts and the conclusions must be supported by the law." *Id.* Our review on appeal is limited to these findings and conclusions. *Id.* Because the petitioner bears the burden of proof in the post-conviction court, an unsuccessful petitioner appeals from a negative judgment. *Id.* (citing P-C.R. 1(5)). "A petitioner appealing from a negative judgment must show that the evidence as a whole 'leads unerringly

and unmistakably to a conclusion opposite to that reached by the trial court.'" *Id.* (quoting *Allen v. State*, 749 N.E.2d 1158, 1164 (Ind. 2001), *reh'g denied*, *cert. denied*, 535 U.S. 1061, 122 S. Ct. 1925 (2002)). Under this standard of review, "[we] will disturb a post-conviction court's decision as being contrary to law only where the evidence is without conflict and leads to but one conclusion, and the post-conviction court has reached the opposite conclusion." *Id.*

[9] Wilcox appeals the post-conviction court's denial of his claim of ineffective assistance of trial counsel. To prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate both that: (1) his or her counsel's performance was deficient, and (2) the petitioner was prejudiced by the deficient performance. *Ben-Yisrayl v. State*, 729 N.E.2d 102, 106 (Ind. 2000) (citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984)), *reh'g denied*, *cert. denied*, 534 U.S. 830, 122 S. Ct. 73 (2001). The failure to satisfy either prong will cause the claim to fail. *Grinstead v. State*, 845 N.E.2d 1027, 1031 (Ind. 2006). Ineffective assistance of counsel claims, thus, can be resolved by a prejudice analysis alone. *Id.*

[10] An attorney's performance is deficient if it falls below an objective standard of reasonableness based on prevailing professional norms. *French v. State*, 778 N.E.2d 816, 824 (Ind. 2002). A strong presumption arises that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *McCullough v. State*, 973 N.E.2d 62, 74 (Ind. Ct. App. 2012), *trans. denied*. "[A] defendant must offer strong and convincing evidence to overcome this presumption." *Id.* Isolated poor strategy,

inexperience, or bad tactics does not necessarily constitute ineffective assistance of counsel. *Id.*

[11] In analyzing prejudice in the context of a guilty plea, we review such ineffective assistance of counsel claims under *Segura v. State*, 749 N.E.2d 496 (Ind. 2001). *Segura* created two categories of claims and enunciated different treatments of each respective category, depending upon whether the ineffective assistance allegation related to (1) an unutilized defense or failure to mitigate a penalty, or (2) an improper advisement of penal consequences. *Willoughby v. State*, 792 N.E.2d 560, 563 (Ind. Ct. App. 2003) (citing *Segura*, 749 N.E.2d at 507), *trans. denied*.

[12] Here, Wilcox claims that his trial counsel was ineffective by giving him incorrect advice regarding his credit restricted felon status. His argument falls under the second category of improper advisement of penal consequences. In *Segura*, our supreme court held the following standard applies to such circumstances:

> We believe a showing of prejudice from incorrect advice as to the penal consequences is to be judged by an objective standard, i.e., there must be a showing of facts that support a reasonable probability that the hypothetical reasonable defendant would have elected to go to trial if properly advised. Nevertheless, as we understand *Strickland* [*v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984),] and *Hill* [*v. Lockhart*, 474 U.S. 52, 106 S. Ct. 366 (1985),] as informed by *Williams* [*v. Taylor*, 529 U.S. 362, 120 S. Ct. 1495 (2000),] a petitioner may be entitled to relief if there is an objectively credible factual and legal basis from which it may be concluded that "there is a reasonable probability that, but for

counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59, 106 S. Ct. 366.

* * * * *

[F]or claims relating to penal consequences, a petitioner must establish, by objective facts, circumstances that support the conclusion that counsel's errors in advice as to penal consequences were material to the decision to plead. Merely alleging that the petitioner would not have pleaded is insufficient. Rather, specific facts, in addition to the petitioner's conclusory allegation, must establish an objective reasonable probability that competent representation would have caused the petitioner not to enter a plea.

*Segura*, 749 N.E.2d at 507 (internal citations omitted).

[13] Wilcox argues he pleaded guilty because his trial counsel told him that he would be a credit restricted felon and spend the rest of his life in prison if he went to trial. The credit restricted felon statute was enacted effective July 1, 2008. *See* Ind. Code § 35-41-1-5.5 (repealed by Pub. L. No. 114-2012, §§ 87-102 (eff. July 1, 2012)); *see now* Ind. Code § 35-31.5-2-72. At the time Wilcox pleaded guilty, the statute defined a "credit restricted felon" as:

[A] person who has been convicted of at least one (1) of the following offenses:

(1)    Child molesting involving sexual intercourse or deviate sexual conduct (IC 35-42-4-3(a)), if:

> (A)   the offense is committed by a person at least twenty-
> one (21) years of age; and
>
> (B)   the victim is less than twelve (12) years of age.

*  *  *  *  *

Ind. Code § 35-41-1-5.5.  The statute regarding credit time at the time of the plea also provided: "A person who is a credit restricted felon and who is imprisoned for a crime or imprisoned awaiting trial or sentencing is initially assigned to Class IV.  A credit restricted felon may not be assigned to Class I or Class II."  Ind. Code § 35-50-6-4(b).[3]  "A person assigned to Class IV earns one (1) day of credit time for every six (6) days the person is imprisoned for a crime or confined awaiting trial or sentencing," while "[a] person assigned to Class I earns one (1) day of credit time for each day the person is imprisoned for a crime or confined awaiting trial or sentencing."  Ind. Code § 35-50-6-3(a); I.C. § 35-50-6-3(d).[4]  Classification as a credit restricted felon, consequently, could increase actual time served in prison from fifty percent to eighty-five percent.

[14]   Counts I and II against Wilcox alleged child molesting involving sexual intercourse committed by Wilcox while he was at least twenty-one years of age with a victim less than twelve years of age prior to July 1, 2008.  Because the

_____

[3] Amended by Pub. L. No. 158-2013, § 670 (eff. July 1, 2013); Pub. L. No. 168-2014, § 123 (eff. July 1, 2014); Pub. L. No. 44-2016, § 10 (eff. July 1, 2016)).

[4] Amended by Pub. L. No. 158-2013, § 667 (eff. July 1, 2014); Pub. L. No. 168-2014, § 120 (eff. July 1, 2014); Pub. L. No. 74-2015, § 32 (eff. July 1, 2015).

alleged offenses were committed prior to July 1, 2008, the credit restricted felon statute would not have applied to those allegations. Count III alleged attempted child molesting involving an attempt to perform deviate sexual conduct by Wilcox while he was at least twenty-one years of age with a victim less than twelve years of age between August 17, 2007, and August 11, 2008.[5] Despite the charging information, Wilcox argues that the probable cause affidavit shows that the conduct charged in Count III occurred between August 17, 2007, and June 18, 2008. According to Wilcox, he could not have been classified as a credit restricted felon as to Count III, and accordingly, his counsel's advisement was incorrect.

[15] The post-conviction court concluded in part that, even if Wilcox's counsel's performance was deficient, Wilcox failed to demonstrate prejudice. Because we agree with the post-conviction court, we need not address whether Wilcox's counsel's performance was deficient. Specifically, the post-conviction court found:

> It is not reasonably probable that an objectively reasonable defendant already convicted of child molesting and serving sixty (60) years in prison as a credit restricted felon, would risk facing at least another one hundred fifty (150) years in prison, with possible fifty (50) years as credit restricted, and turn down eight

---

[5] We express no opinion as to whether the credit restricted felon statute would have applied to attempted child molesting because the parties make no argument regarding this issue.

(8) years, do four (4) to go to trial on the basis of what is stated in his attorney's emails, Ex. A and B.

Appellant's App. Vol. I p. 98.

[16] Wilcox was required to prove specific facts to establish "an objective reasonable probability that competent representation would have caused [him] not to enter a plea." *Segura*, 749 N.E.2d at 507. At the time of Wilcox's guilty plea, he was already serving a sentence of eighty years with twenty years suspended for conduct that occurred after July 1, 2008. Wilcox, who was thirty-three years old at the time of his guilty plea, was facing an additional three Class A felony charges and two Class C felony charges. If convicted, Wilcox faced a sentence of more than 100 years to be served consecutively to the lengthy sentence he was already serving. In exchange for the dismissal of the Class A felony charges, Wilcox was allowed to plead guilty to two Class C felonies with an aggregate sentence of sixteen years.

[17] Regardless of credit time considerations, Wilcox was offered and accepted an extremely favorable plea agreement. There is no indication that counsel's allegedly erroneous advice was material to Wilcox's decision to plead guilty. Wilcox's conclusory allegations to the contrary are simply insufficient. We agree with the post-conviction court that there is no reasonable probability that Wilcox would have rejected the favorable plea agreement if he had been correctly advised. The post-conviction court's finding is not clearly erroneous.

# Conclusion

[18] The post-conviction court's denial of Wilcox's petition for post-conviction relief is not clearly erroneous.  We affirm.

[19] Affirmed.

Brown, J., and Altice, J., concur.