## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 15 2019, 8:38 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Stephen T. Owens
Public Defender of Indiana

Anne C. Kaiser
Deputy Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

George P. Sherman
Supervising Deputy Attorney
General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Benjamin Darrell Keen,<br>*Appellant-Petitioner,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Respondent* | January 15, 2019<br><br>Court of Appeals Case No.<br>18A-PC-1104<br><br>Appeal from the Huntington<br>Superior Court<br><br>The Honorable Jennifer E.<br>Newton, Judge<br><br>Trial Court Cause No.<br>35D01-1508-PC-17 |

**Altice, Judge.**

## Case Summary

[1] Benjamin Keen pled guilty to Class B felony dealing methamphetamine and admitted to being a habitual substance offender. His plea agreement provided for a sentencing cap of twenty years executed, which is the sentence he ultimately received. Keen filed a petition for post-conviction relief claiming that he received ineffective assistance of trial counsel and that his guilty plea was not knowing, voluntary, and intelligent because his trial counsel misadvised him about his eligibility for the habitual-substance-offender enhancement. Following a hearing, the post-conviction court denied Keen's request for relief. On appeal, Keen presents several issues for our review, which we consolidate and restate as whether the post-conviction court erred in denying his petition.

[2] We affirm.

## Facts & Procedural History

[3] On August 10 and August 17, 2013, Keen sold methamphetamine to a confidential informant working for the Huntington Police Department. On March 3, 2014, the State charged Keen with two counts of Class B felony dealing methamphetamine. The State also alleged that Keen was a habitual substance offender based on his prior convictions for Class A misdemeanor possession of paraphernalia and Class D felony possession of methamphetamine.

[4] On June 6, 2014, Keen pled guilty to one count of Class B felony dealing in methamphetamine and admitted to being a habitual substance offender, and the

State dismissed the second Class B felony charge. The plea agreement provided for a sentencing cap of twenty years executed, and, while the State agreed to remain silent at sentencing, Keen was free to argue for a lesser sentence. At a sentencing hearing on June 24, 2014, two witnesses testified on Keen's behalf, informing the court of Keen's efforts to overcome his addiction. Keen also gave a statement regarding his participation in rehabilitation and requested that the court consider purposeful incarceration. The trial court noted Keen had seven prior felony convictions, nineteen prior misdemeanor convictions, and nineteen probation violations. The court sentenced Keen to fifteen years for the Class B felony and enhanced such by five years based on Keen's status as a habitual substance offender.

[5] Keen filed a pro se petition for post-conviction relief in 2015, which was amended twice by counsel in 2017 and 2018. Keen alleged that he received ineffective assistance of trial counsel and that his guilty plea was not entered knowingly, voluntarily, and intelligently. Both arguments were based on Keen's claim that his counsel "performed deficiently by failing to recognize that Keen did not qualify as a habitual substance offender." *Appellant's Appendix Vol. II* at 28.

[6] The post-conviction court held an evidentiary hearing on January 16, 2018. Scott Harter, Keen's trial counsel, testified that he had practiced law for thirty-five years and that he had served as a public defender "throughout all [of his] career." *Transcript Vol. II* at 22. Attorney Harter maintained that because the two methamphetamine deals took place with the same informant, he advised

Keen that the sentences thereon would have to be served concurrently and therefore, he faced a maximum sentence of twenty years for the Class B felony dealing charges[1] and up to an additional eight years for the habitual substance offender allegation.[2] Given the strength of the evidence against Keen, Attorney Harter advised Keen to accept the plea agreement because it called for a cap of twenty years on the executed sentence and permitted Keen to argue for a lesser sentence in light of his efforts to overcome his drug addiction.

[7] Attorney Harter testified that he did not believe there was a valid defense to challenge Keen's conviction for possession of paraphernalia as a qualifying offense for the habitual-substance-offender enhancement. He also testified that he was aware that Keen had another conviction that was a qualifying substance offense, although he did not know the details of that offense. At the post-conviction hearing, the State presented evidence to show that Keen had a 2001 conviction in Florida for possession of cannabis.[3]

[8] Keen also testified at the post-conviction hearing. He claimed that Attorney Harter told him he could receive up to forty-eight years—twenty years on each Class B felony dealing offense and eight years for being a habitual substance offender. Having been so informed, Keen decided to accept a plea agreement

---

[1] *See* Ind. Code § 35-50-2-5.

[2] *See* Ind. Code § 35-50-2-10(f) (repealed effective July 1, 2014).

[3] Keen does not dispute that his conviction for possession of cannabis is a qualifying offense for a habitual offender allegation.

that provided for a twenty-year cap on sentencing and dismissed one of the dealing offenses. Keen maintains that Attorney Harter did not advise him that the sentences for the dealing offenses would have to be served concurrently or that the habitual-substance-offender allegation was not supported by two qualifying substance offenses. Keen testified that he would have gone to trial and preserved his right to appeal if he had known that the maximum sentence he faced if he went to trial was twenty years, thus negating any benefit to pleading guilty. On April 12, 2018, the post-conviction court entered its findings of fact and conclusions of law denying Keen post-conviction relief. Keen now appeals. Additional evidence will be provided as necessary.

## Discussion & Decision

[9] The petitioner in a post-conviction proceeding bears the burden of establishing grounds for relief by a preponderance of the evidence. *Fisher v. State*, 810 N.E.2d 674, 679 (Ind. 2004); Ind. Post-Conviction Rule 1(5). When appealing from the denial of post-conviction relief, the petitioner stands in the position of one appealing from a negative judgment. *Fisher*, 810 N.E.2d at 679. On review, we will not reverse the judgment unless the evidence as a whole unerringly and unmistakably leads to a conclusion opposite that reached by the post-conviction court. *Id*. Further, the post-conviction court in this case entered findings of fact and conclusions thereon in accordance with P-C.R. 1(6). *Id*. "A post-conviction court's findings and judgment will be reversed only upon a showing of clear error—that which leaves us with a definite and firm conviction that a mistake has been made." *Id*. In this review, we accept

findings of fact unless clearly erroneous, but we accord no deference to conclusions of law. *Id.* The post-conviction court is the sole judge of the weight of the evidence and the credibility of witnesses. *Id.*

[10] Keen first argues that he was denied the effective assistance of counsel. Claims of ineffective assistance of trial counsel are generally reviewed under the two-part test announced in *Strickland v. Washington*, 466 U.S. 668 (1984); that is, a defendant must demonstrate that his counsel's performance fell below an objective standard of reasonableness based on prevailing professional norms and that counsel's deficient performance resulted in prejudice. *Id.* at 687-88. Because a petitioner must prove both deficient performance and prejudice to prevail on a claim of ineffective assistance of counsel, the failure to prove either component defeats such a claim. *See Young v. State*, 746 N.E.2d 920, 927 (Ind. 2001).

[11] Keen argues that his trial counsel rendered ineffective assistance because he did not advise him of a potential defense to the habitual-substance-offender enhancement. Specifically, Keen argues his conviction for possession of paraphernalia could not support the habitual-substance-offender enhancement because such conviction did not qualify as a "substance offense" under the now-repealed habitual-substance-offender statute.[4]

---

[4] Effective July 1, 2014, the legislature made significant changes to the criminal code, including repeal of the habitual-substance-offender statute. Now, substance offenses are included under the general habitual-offender statute.

[12] In considering counsel's performance, we have observed that "'[c]ounsel is afforded considerable discretion in choosing strategy and tactics, and we will accord that decision deference. A strong presumption arises that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.'" *Pruitt v. State*, 903 N.E.2d 899, 906 (Ind. 2009) (alteration in original) (quoting *Lambert v. State*, 743 N.E.2d 719, 730 (Ind. 2001)).

[13] Here, while there may have been some debate at the time of Keen's plea as to the applicability of the habitual substance offender statute to certain offenses, no court in this State had held that possession of paraphernalia was not a qualifying substance offense. Although this court had held that a conviction for possession of precursors was not a substance offense for purposes of proving a habitual-substance-offender enhancement, *see Murray v. State*, 798 N.E.2d 895, 903 (Ind. Ct. App. 2003), such did not necessarily dictate that a conviction for possession of paraphernalia would fall in the same category. Indeed, after *Murray*, another panel of this court noted that "a conviction for paraphernalia possession would merit the HSO enhancement." *Aslinger v. State*, 2 N.E.3d 84, 92 n.4 (Ind. Ct. App. 2014), *clarified on reh'g*, No. 35A02-1303-CR-296 (May 7, 2014).

[14] In addition, Attorney Harter testified that in his experience as a criminal public defender in the county, a conviction for possession of paraphernalia was considered a valid substance offense for purposes of the habitual offender enhancement. He also testified that even if Keen's possession of paraphernalia

conviction was not a qualifying substance offense, he was aware that Keen had another qualifying conviction that would have supported the habitual substance offender enhancement. Finally, Attorney Harter stated that even assuming Keen's possession of paraphernalia conviction did not qualify as a substance offense, he still would have advised Keen to plead guilty given the strength of the State's evidence and because the State agreed to remain silent at sentencing and permit Keen to argue for a lesser sentence. In light of the state of the law coupled with counsel's experience, Keen's trial counsel rendered adequate assistance in light of his reasonable professional judgment. The post-conviction court did not err in finding that Keen was not denied the effective assistance of counsel.

[15] Keen also challenges the validity of his guilty plea. He argues that his guilty plea was illusory because he was not advised of a possible defense to the habitual substance offender allegation in that his conviction for possession of paraphernalia was not a qualifying substance offense, and thus, he "was motivated to accept the State's plea due to the threat of an illegal sentence of twenty-eight years." *Appellant's Brief* at 25. Keen maintains that "[h]ad he not been misled about the benefit of his plea, it would have been reasonable for him to go to trial." *Id*.

[16] "The long-standing test for the validity of a guilty plea is 'whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" *Diaz v. State*, 934 N.E.2d 1089, 1094 (Ind. 2010) (quoting *North Carolina v. Alford*, 400 U.S. 25, 31, 91 S.Ct. 160, 27 L.Ed.2d 162

(1970)). In furtherance of this objective, the Indiana Code provides that the court accepting the guilty plea determine that the defendant: (1) understands the nature of the charges; (2) has been informed that a guilty plea effectively waives several constitutional rights, including trial by jury, confrontation and cross-examining of witnesses, compulsory process, and proof of guilt beyond a reasonable doubt without self-incrimination; and (3) has been informed of the maximum and minimum sentences for the crime charged. Ind. Code § 35-35-1-2. When a petition for post-conviction relief claims that "an error in advice supports a claim of intimidation by exaggerated penalty, a petitioner must establish specific facts that lead to the conclusion that a reasonable defendant would not have entered a plea had the error in advice not been committed." *Roberts v. State*, 953 N.E.2d 559, 564 (Ind. Ct. App. 2011) (quoting *Willoughby v. State*, 792 N.E.2d 560, 564 (Ind. Ct. App. 2003), *trans. denied*), *trans. denied*.

[17] Keen has failed to establish that any error in advice regarding the habitual substance offender allegation was material to his decision to plead guilty. Even if his trial counsel had informed him that he had a possible defense to the habitual offender allegation, the totality of the circumstances was that (1) no court had ever held that possession of paraphernalia was not a qualifying offense; (2) in trial counsel's experience, such conviction had been used to support a habitual substance offender determination, (3) an appellate opinion had recently noted that a conviction for possession of paraphernalia would support a habitual substance offender enhancement; and (4) even if the possession of paraphernalia conviction was not a qualifying offense, the State

could have amended the allegation to add the Florida drug conviction that even Keen does not dispute was a substance offense. Keen has not established that had he been advised of all of the above, he would not have pled guilty and gone to trial.

[18] The post-conviction court's denial of Keen's request for post-conviction relief is not clearly erroneous.

[19] Judgment affirmed.

Brown, J. and Tavitas, J., concur.